and a new award made. The Appellate Division reversed on the ground that it had been finally determined that the Industrial Board had no jurisdiction to make an award.

*Albert Ottinger,* Attorney-General (*E. C. Aiken* of counsel), for appellant.

*Walter L. Glenney* and *Bertrand L. Pettigrew* for respondents.

Order affirmed, with costs against State Industrial Board; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEWELERS BUILDING CORPORATION, Respondent, *v.* STATE TAX COMMISSION, Appellant.

*Tax — mortgage tax — agreement consolidating two mortgages — recording tax paid on entire amount — improper to impose separate recording tax upon one of consolidated mortgages.*

*People ex rel. Jewelers Building Corpn.* v. *State Tax Commission,* 214 App. Div. 99, affirmed.

(Argued October 7, 1925; decided October 27, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 10, 1925, which annulled so much of a determination of the State Tax Commission as held that a certain instrument executed by the relator to the Equitable Trust Company was subject to a recording tax under article 11 of the Tax Law. Relator had mortgaged its real property for $750,000, the mortgage had been recorded and the recording tax paid. Thereafter the mortgage was assigned to the Equitable Trust Company. On the same day relator executed and delivered to that company an additional bond and mortgage for $250,000 on the same property and the Equitable Trust Company and relator executed an agreement consolidating the two bonds and mortgages. The $250,000 mortgage and the consolidation agreement was thereafter recorded. The State

Tax Commission determined that the consolidation agreement was a mortgage and that a recording tax was payable thereon. It also determined that a separate recording tax was payable upon the $250,000 mortgage. The Appellate Division annulled the latter determination.

*Albert Ottinger, Attorney-General (Henry S. Manley* of counsel), for appellant.

*Max Miller* and *Jacob Feld* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Dissenting: CARDOZO and POUND, JJ.

---

In the Matter of the Application of MURRAY HULBERT, Appellant, for a Peremptory Order of Mandamus against CHARLES L. CRAIG, as Comptroller of the City of New York, Respondent.

*New York city — officers — forfeiture of office of president of board of aldermen by accepting office on State commission.*

*Matter of Hulbert v. Craig, 213 App. Div. 865, affirmed.*

(Argued October 7, 1925; decided October 27, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 24, 1925, which affirmed an order of Special Term denying a motion for a peremptory order of mandamus to compel the comptroller of the city of New York to restore the petitioner's name to the payrolls of the city as president of the board of aldermen; to require the comptroller to comply with the payroll for October, 1924, upon which the petitioner's name appeared as entitled to $1,250, his statutory salary for the month as president of the board of aldermen; and to deliver to him a check for that sum. The motion was denied, on the ground that, by accepting in April, 1924, appointment by the Governor to membership on the Finger Lakes State Park Commission, petitioner had forfeited his office as president of the board of aldermen, pursuant to section 1549 of the New York city charter.