THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE WILLIAMSBURGH SAVINGS BANK, Respondent, *v.* THE STATE TAX COMMISSION, Appellant.

Tax — mortgage tax — mortgage on plot of land containing provision that mortgagee may substitute number of separate mortgages — new mortgages made between same parties covering subdivision of land supplemental and exempt from recording tax — new mortgages made by grantee of original mortgagor new obligations and subject to tax.

Where a mortgage covering a parcel of land contains a provision that the mortgagee, its successors or assigns, may replace the mortgage by a number of others, each to cover a portion of the premises, such substituted mortgages, if they are made pursuant to that provision, will be regarded as supplemental in character and exempt from taxation under section 255 of the Tax Law (Cons. Laws, ch. 60),

although the recorded primary mortgage is to be satisfied of record when the substituted mortgages are given, but where the owner of the land transfers the same prior to the execution of the new mortgages and they are made by the grantee, thus creating new obligations, section 255 does not apply and they are subject to the tax. (*People ex rel. Banner Land Co.* v. *State Tax Comm.*, 244 N. Y. 159, distinguished.)

*People ex rel. Williamsburgh Savings Bank* v. *State Tax Comm.*, 220 App. Div. 400, reversed.

(Argued May 31, 1927; decided June 14, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 10, 1927, which annulled on certiorari a determination of the State Tax Commission that a certain mortgage was not exempt from payment of a mortgage tax.

*Albert Ottinger, Attorney-General* (*Henry S. Manley* of counsel), for appellant.   The so-called supplemental mortgage created a new debt.   (*People ex rel. Banner Land Co.* v. *State Tax Comm.*, 244 N. Y. 159; *People ex rel. U. S. Title Guaranty Co.* v. *State Tax Comm.*, 230 N. Y. 102.)

*Henry M. Bellinger* and *L. L. Osborn* for respondent. The subsequent mortgage offered for record and recorded in the instant case was a " supplemental mortgage " within the meaning of section 255 of the Tax Law, and was not taxable. (*People ex rel. Banner Land Co.* v. *State Tax Comm.*, 244 N. Y. 159; *People ex rel. U. S. T. G. Co.* v. *State Tax Comm.*, 230 N. Y. 102; *People ex rel. Home Mortgage Invest. Co.* v. *State Tax Comm.*, 182 App. Div. 699; *Metropolitan Trust Co.* v. *State Tax Comm.*, 172 App. Div. 653; *Matter of N. Y. State Gas & Elec. Corp.* v. *Gilchrist*, 209 App. Div. 771; 240 N. Y. 552.)

POUND, J.   On May 19, 1911, the Masief Building Construction Company, then the owner of the mortgaged premises, executed and delivered to New York Mortgage

and Security Company a mortgage to secure the payment of $140,000 on premises situate in the borough of Brooklyn. This mortgage was recorded the following day in Kings county register's office, and the full amount of the mortgage tax was paid. The mortgage contained this provision:

" It is expressly understood and agreed that the party of the second part, its successors or assigns, if it so elects, *may replace* this mortgage by twelve permanent mortgages, each to cover a portion of the hereinbefore described premises, and which twelve mortgages shall be given as security for a sum aggregating the amount of the principal sum secured hereby."

On August 23, 1912, the L. & M. Realty Company, which had become the owner of the property in question, executed twelve separate mortgages, each covering a portion of the same property. The twelve, apparently in varying sums, aggregated $134,750, being the amount of the original mortgage, less payment made on the principal. The question here relates to one of these mortgages given to secure the sum of $14,000. This mortgage was recorded August 26, 1912, and when presented to the recording officer it was accompanied by the affidavit of an officer of the mortgagee stating, in substance, that the mortgage was given pursuant to the provisions of the original mortgage; that there had been erected on the premises described in the first mortgage twelve separate buildings, and that the original mortgage was being satisfied when these additional, separate mortgages were given. The mortgage was accepted and recorded without the exaction of a further recording tax, the exemption being noted on the record; and so the matter stood for more than twelve years. On February 6, 1925, notice was given that claim for exemption had been denied and that a mortgage recording tax of $70 with a penalty of $70.40 were due and payable; and that no assignment, extension, release or satisfaction could

be accepted for record until payment thereof was made. (Tax Law [Cons. Laws, ch. 60], § 258.)

In the meantime the $14,000 mortgage had been paid and a new mortgage for $12,000 given to the relator, which, it is said, in taking the new mortgage relied on the record standing for twelve years as evidence that the preceding mortgage was not subject to tax. Because of the non-payment of the tax on the $14,000 mortgage, the register refused to discharge it of record (Tax Law, § 258), and, therefore, the new mortgage appeared to be a second mortgage on the premises. Application was made to the State Tax Commission to determine the prior mortgage exempt from tax and permit its discharge, which was denied. This proceeding is to review that determination.

The question is whether the $14,000 mortgage is subject to the mortgage tax under section 253 of the Tax Law or is a supplemental mortgage executed pursuant to a provision in the original mortgage under section 255 of the Tax Law. Section 255 provides:

" If subsequent to the recording of a mortgage on which all taxes    *    *    *    have been paid, *a supplemental instrument or mortgage* is recorded for the purpose of correcting or perfecting any recorded mortgage, *or pursuant to some provision or covenant therein,* or an additional mortgage is recorded imposing the lien thereof upon property not originally covered by or not described in such recorded primary mortgage for the purpose of securing the principal indebtedness which is or under any contingency may be secured by such recorded primary mortgage, such additional instrument or mortgage shall not be subject to taxation under this article, *unless it creates or* secures *a new* or further indebtedness *or obligation* other than the *principal* indebtedness or *obligation* secured by or which under any contingency may be secured by the *recorded primary mortgage.*    *    *    * "

27

As indicated by our decision in *People ex rel. N. Y. Title & Mortgage Co.* v. *State Tax Commission* (245 N. Y. 603), the substituted mortgages if they had been made by the original obligor pursuant to the provisions contained in the original mortgage, would be regarded as supplemental in character, although the recorded primary mortgage was to be satisfied of record when the substituted mortgages were given.

Another reason defeats the claim of exemption in this case. Section 255 of the Tax Law does not apply if the supplemental mortgage " creates * * * a new * * . * obligation other than the * * * obligation secured by * * * the recorded primary mortgage." Here we have a new obligation, *i. e.*, the mortgage of the grantee of the mortgaged premises. The mortgage is clearly taxable. One lien has been satisfied of record and destroyed. Another debtor has created another lien in its place. There is a new transaction with a new tax. (*People ex rel. U. S. Title Guaranty Co.* v. *Tax Commission*, 230 N. Y. 102.) The mortgage is clearly without the exemption contained in section 255 and is subject to the tax. The case is clearly distinguished from *Peo. ex rel. Banner Land Co.* v. *State Tax Comm.*, (244 N. Y. 159), where the new mortgages were executed as collateral to the existing original primary obligation.

The order of the Appellate Division should be reversed and the determination of the State Tax Commission confirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur; LEHMAN, J., absent.

Ordered accordingly.