In the Matter of PARK AND 46TH STREET CORPORATION, Appellant, against STATE TAX COMMISSION, Respondent.

Argued January 9, 1946; decided March 7, 1946.

*Robert H. O'Brien, Hamilton C. Rickaby* and *Charles H. Bird-sall* for appellant. I. Only the amount of the increased mortgage indebtedness constituted the proper measure of the tax under section 250 of the Tax Law. II. The exchange of $1,075,-000 old bonds for a like amount of new bonds did not create a new " principal debt or obligation " under section 253 of the Tax Law. The proper measure of the tax was, accordingly, $125,000, the amount of the new loan. (*People ex rel. New York*

*State Gas & Electric Corp.* v. *Gilchrist,* 209 App. Div. 771, 240 N. Y. 552; *People ex rel. Boston & Maine R. R.* v. *Loughman,* 227 App. Div. 361, 254 N. Y. 513; *People ex rel. Banner Land Co.* v. *State Tax Comm.,* 244 N. Y. 159, 244 N. Y. 604; *Matter of Erie R. R. Co.* v. *State Tax Comm.,* 260 App Div. 268, 284 N. Y. 673; *People ex rel. U. S. Title Guar. Co.* v. *State Tax Comm.,* 230 N. Y. 102; *People ex rel. Williamsburg Sav. Bank* v. *State Tax Comm.,* 220 App. Div. 400, 245 N. Y. 414.)

*Nathaniel L. Goldstein, Attorney-General (Herman F. Nehlsen, Orrin G. Judd* and *Wendell P. Brown* of counsel), for respondent. I. The Third Supplemental Indenture is not entitled to exemption from the mortgage recording tax. (*Defiance Paper Co.* v. *Browne,* 268 App. Div. 931, 294 N. Y. 684; *People ex rel. U. S. Title Guar. Co.* v. *State Tax Comm.,* 230 N. Y. 102; *People ex rel. Jewelers Building Corp.* v. *State Tax Comm.,* 214 App. Div. 99, 241 N. Y. 524; *People ex rel. Central Union Trust Co.* v. *Wendell,* 197 App. Div. 131, 231 N. Y. 629; *Matter of Schwartzman,* 262 App. Div. 635, 288 N. Y. 568.)

LEWIS, J. We are to determine whether a portion of a mortgage recording tax paid under protest by the petitioner-mortgagor was legally exacted.

The Register of the City of New York, acting as a recording officer, denied a claim by the mortgagor for the exemption of a portion of a mortgage tax demanded upon the recording of the instrument presently to be described. Thereafter the mortgagor applied to the State Tax Commission for a review of the determination and for a refund of taxes paid under protest in the amount of $5,375. Responsive to that application the commission granted a hearing after which it ratified the recording officer's action and denied a refund to the mortgagor. That determination, which is the subject of review in the present proceeding, has been confirmed at the Appellate Division, two Justices dissenting.

As to facts: The mortgagor, Park and 46th Street Corporation, paid a mortgage tax in full in 1935 when it recorded a mortgage executed to The Chase National Bank of the City of New York, as trustee, to secure a loan of $1,800,000 made by Metropolitan Life Insurance Company — to which reference will be made as " Metropolitan." The mortgage debt then

created was represented by 5% Serial Mortgage Bonds, all of which were held by Metropolitan. On two subsequent occasions the mortgage was so modified, by First and Second Supplemental Indentures, that on November 15, 1943, the debt — which then had been reduced to $1,075,000 — comprised 5% bonds in the amount of $915,000 and 4% bonds in the amount of $160,000. Of these so-called '' Old Serial Bonds '' $160,000 matured each year until 1947 when the balance of $595,000 matured. We are thus brought to the transaction which gave rise to the present proceeding.

On November 15, 1943, the mortgagor and the trustee executed the Third Supplemental Indenture whereby, upon the written consent and agreement of Metropolitan, the original mortgage as previously modified was further so modified as (a) to extend the maturities of the Old Serial Bonds and change the rate of interest payable thereon; (b) to provide for the issuance of *additional* bonds in the principal amount of $125,000 and (c) to provide for the exchange by Metropolitan — the registered holder of all the Old Serial Bonds — for an equal principal amount of textually revised bonds evidencing the same indebtedness. The Third Supplemental Indenture contained the provision that $1,075,000 of 4½% bonds were to be issued ''only to the registered holder of all of the Old Serial Bonds upon surrender to the Trustee by said registered holder of all the Old Serial Bonds for cancellation.'' Accordingly, following the execution of the Third Supplemental Indenture the mortgagor sold to Metropolitan the new or additionally issued 4½% bonds in the amount of $125,000 and exchanged with Metropolitan $1,075,000 of the Old Serial Bonds for *an equal amount* of 4½% bonds revised in text to conform to the change made by that indenture.

Upon the recording of the Third Supplemental Indenture the mortgagor paid without protest to the Register of the City of New York a mortgage tax concededly due upon the increased indebtedness of $125,000 secured by the mortgage as amended by that indenture. In addition the register exacted, and the mortgagor paid under protest, a mortgage recording tax of $5,375 which thus far in this proceeding has been ruled to be legally attributable to the balance of the mortgage debt owed by the mortgagor prior to the execution of the Third Supple-

mental Indenture. We think that ruling was not in accord with those statutes which govern the imposition of the mortgage recording tax.

By section 253 of the Tax Law the incidence of the tax of "fifty cents for each one hundred dollars and each remaining major fraction thereof", is upon the "principal debt or obligation which is * * * secured * * * by a mortgage on real property situated within the state * * *." A related statutory formula in which legislative emphasis is placed upon the increase in the mortgage indebtedness is found in section 250 — "A contract or agreement by which the indebtedness secured by any mortgage is increased or added to, shall be deemed a mortgage of real property for the purposes of this article [art. 11], and shall be taxable as such upon the amount of such increase or addition." In the Third Supplemental Indenture with which we are concerned is a recital of an agreement between the mortgagor and Metropolitan that the original mortgage as previously amended "be further supplemented, modified and amended * * * to provide for the issuance of $125,000 principal amount of additional bonds".

Viewed in the light of the statutes quoted above, we think the recording of the Third Supplemental Indenture was taxable to the extent only that it made provision for an increase or addition to the principal debt or obligation owing by the mortgagor. True it is that by that instrument the date of maturity of the mortgage debt was extended, the rate of interest on bonds outstanding was reduced and it was provided that $1,075,000 of the new 4½% bonds were to be delivered " * * * only to the registered holder [Metropolitan] of all of the Old Serial Bonds upon surrender to the Trustee by said registered holder of all the Old Serial Bonds for cancellation." But the mortgage recording tax, as we have seen, is measured under section 253 of the Tax Law by the amount of the "principal debt or obligation", not by the maturity date of the mortgage debt, nor by the interest rate.

Both statutory enactment and judicial decisions support the mortgagor's resistence to a recording tax which, insofar as it is based upon a mortgage debt of $1,075,000, was paid when the original mortgage was recorded. Aside from alterations effected in the text of the mortgage which did not involve taxable con-

sequences, and except for an increase of $125,000 in the amount of the mortgage debt, the execution and recording of the Third Supplemental Indenture accomplished nothing more than to modify the maturity date and the interest rate of the bonded debt and to carry out an agreement by the parties that to the extent of a portion of the mortgage debt amounting to $1,075,000 an exchange of evidences of that portion of the debt should take place. A decisive fact is that to the extent of $1,075,000, and according to the agreement of the parties, the principal of the mortgage debt remained the same. The instrument recorded increased the principal debt or obligation of the mortgagor to the extent only of the new bonded debt in the amount of $125,000. That increase was the gauge by which is measured the recording tax legally to be imposed.

The conclusion we have reached is supported by the rule in *Matter of New York State Gas & Electric Corporation* v. *Gilchrist* (209 App. Div. 771), affirmed on opinion below by KELLOGG, J., *sub nom. People ex rel. New York State Gas & Electric Corporation* (240 N. Y. 552). There the relator mortgagor had issued bonds secured by a mortgage upon which a recording tax had been paid. The bonds were sold to a single purchaser which on a later date entered into an agreement with the mortgagor for the replacement of the old bonds with a new issue. When, according to that agreement, new bonds were issued and exchanged for an equal amount of the original bonds the question was litigated as to whether the transaction was such that a mortgage recording tax — measured by the amount of new bonds — could be imposed. In the opinion which stated the view of this court upon that question it was said (pp. 774–775): "The mortgagor, by an agreement made in advance of the issue, was obliged to give new bonds for old, while the mortgagee was obliged to make the exchange. It is true that by the new bonds the mortgagor promised to pay in 1962 what it had previously agreed to pay in 1947 and 1952. It is also true that it promised to pay interest at five and one-half per cent whereas it had previously agreed to pay interest at five and six per cent. Was there an additional ' principal debt or obligation ' to measure an additional tax upon the identical mortgage? A debt is not merely a promise to pay money. It involves the relationship of debtor and creditor, of borrower

and lender, and ordinarily signifies an exchange of cash for a promise to return it with an increment of interest. There was here the creation of no new relationship; there was no new creditor, no new debtor, no new loan. It must be remembered that *it is the principal sum of a loan, not the interest to be paid thereupon, which measures a mortgage tax.* Here there was no new principal sum although there was a new interest rate and a new date of payment." (Emphasis supplied.) See, also, *People ex rel. B. & M. R. R.* v. *Loughman* (227 App. Div. 361, affd. 254 N. Y. 513), and *People ex rel. Banner L. Co.* v. *State Tax Comm.* (244 N. Y. 159).

In *People ex rel. Jewelers Building Corporation* v. *State Tax Commission* (214 App. Div. 99, affd. 241 N. Y. 524) — which the Appellate Division held to be controlling in this case — there were vital facts which had different legal consequences than the facts with which we are now dealing. The instrument which was recorded in that case and upon which the recording tax in suit was imposed was so phrased as expressly to extinguish the old debt. In the case at bar the Third Supplemental Indenture expressly preserves the old debt and provides that the lien thereof shall not be canceled.

The order of the Appellate Division should be reversed, the determination of the State Tax Commission annulled, and the State Tax Commission directed to refund to the petitioner so much of the mortgage recording tax as was paid under protest, with costs in this court and in the Appellate Division to the appellant.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE and MEDALIE, JJ., concur; THACHER, J., taking no part.

Ordered accordingly.