In the Matter of MAX SVERDLOW et al., Petitioners, against SPENCER E. BATES et al., Constituting the Tax Commission of the State of New York, Respondents.

Third Department, March 24, 1954.

*Albert Jakobson* for petitioners.

*Nathaniel L. Goldstein, Attorney-General (George H. Roth-lauf* and *Wendell P. Brown* of counsel), for respondents.

HALPERN, J.   This is a proceeding under article 78 to review a determination by the State Tax Commission, holding that seven mortgages given by the petitioners to the Canton Savings and Loan Association were subject to a mortgage recording tax under section 253 of the Tax Law.

Between August, 1941, and May, 1950, eighteen mortgages had been given by one or both of the petitioners upon seven parcels of real estate in the village of Potsdam in St. Lawrence County.   These mortgages originally totaled $345,000, but by monthly payments they had been reduced to a total of $236,132.10.

Originally, separate mortgages had been given to the Savings and Loan Association upon single parcels of property but the mortgages provided for monthly amortization so that as time went on and the installments of principal were paid, the equity of the owners in each mortgaged parcel increased and then, from time to time, the petitioners borrowed additional sums from the Savings and Loan Association, giving as security in each instance, a blanket mortgage, covering not only the additional equity in the property already mortgaged but an additional parcel or parcels as well.

The State Banking Department commented critically upon this situation, pointing out that it was difficult, if not impossible, to determine how the monthly payments received on the eighteen mortgages should be allocated among the separate parcels of property.   To meet this criticism, it was agreed in February, 1951, that the amount of the mortgage indebtedness would be reallocated among the parcels and seven new mortgages would be given, each covering a single parcel.   This proposal was submitted to the County Clerk of St. Lawrence County and he ruled that no mortgage recording tax would be required upon the seven new mortgages.   Accordingly, the mortgages were recorded.   However, upon review by the State Tax Commission, under section 251 of the Tax Law, the County Clerk's determination was annulled and it was held that a mortgage tax was payable.   This proceeding is brought to review that determination.

We are constrained to uphold the Tax Commission's determination.   The old mortgages were all discharged of record and new mortgages were recorded.   It is true that the total

amount of the new mortgages was identical with the total amount of the discharged mortgages, but this fact does not relieve the petitioners of liability for the mortgage recording tax. A recording tax is payable under section 253, by reason of the execution and recording of the new mortgages.

The new mortgages did not constitute supplemental mortgages within the meaning of section 255, which exempts such mortgages from tax. They were not given '' for the purpose of correcting or perfecting any recorded mortgage '', nor were they given '' pursuant to some provision or covenant therein ''; nor were they '' additional mortgage[s]  *  *  *  imposing the lien  *  *  *  upon property not originally covered '' by the recorded mortgages.

Both petitioners joined in all the new mortgages, whereas some of the former mortgages had been given by one of the petitioners alone. As to these mortgages, a tax was clearly payable because a new mortgagor had been added by the transaction. (*People ex rel. Williamsburgh Sav. Bank* v. *State Tax Comm.*, 245 N. Y. 414.) However, even as to the mortgages which had not resulted in the addition of a new debtor, the mortgage tax was payable merely because of the fact that the old mortgages had been discharged and new mortgages had been given (*People ex rel. Jewelers Bldg. Corp.* v. *State Tax Comm.*, 214 App. Div. 99, affd. 241 N. Y. 524; *People ex rel. United States Tit. Guar. Co.* v. *State Tax Comm.*, 230 N. Y. 102; *Matter of Park & 46th St. Corp.* v. *State Tax Comm.*, 295 N. Y. 173, 179).

The petitioners' principal complaint is that they relied upon the ruling of the County Clerk and that, if he had not held the new mortgages to be nontaxable, they would have used a different method of attaining the same result, that is to say, they would have entered into an agreement modifying the old mortgages and reallocating their liens without replacing the mortgages by new mortgages. This method could undoubtedly have been adopted without incurring tax liability (*Matter of Park & 46th St. Corp.* v. *State Tax Comm., supra,* and cases therein cited). However, the petitioners are chargeable with knowledge that the ruling by the County Clerk was subject to review by the State Tax Commission and they relied upon the County Clerk's ruling at their peril. Concededly, the commission was not estopped to demand payment of the tax if a tax was properly payable.

The petitioners argue before us that, since the same result could have been obtained without the payment of a tax by use of an instrument of a different form, it is inequitable to require a payment of the tax in this case. The petitioners ask us to look to the substance rather than the form of the transaction and they argue that in substance it was a modification of the outstanding mortgages.

The difficulty with this argument is that much of the law of taxation, as of real property, depends upon form. Tax liability attaches when a transaction is entered into in a form which falls within the statute. Judge LEARNED HAND's comment in his dissenting opinion in *Commissioner of Internal Revenue* v. *City Bank Farmers' Trust Co.* (74 F. 2d 242, 247) is apropos here: " I am quite aware that this is all largely matter of words, but so is much of the law of property; and unless we treat such formal distinctions as real, that law will melt away and leave not a rack behind."

It is true that the tax authorities often urge the courts to disregard form and to look to the substance and the courts have responded to that argument by holding that, if the transaction in substance is one which comes within the statute, it is taxable, notwithstanding its form. But this does not necessarily work the other way. If a transaction comes within the form which the statute has made taxable, it is no answer to say that it is indistinguishable in substance from a transaction in a different form which could have accomplished the same result in a nontaxable manner. The law draws lines which may at times seem arbitrary but a "line * * * there must be" and, if the case falls on one side of the line, it is taxable and, if it falls on the other side of the line, it is not (cf. Justice HOLMES dissenting in *Louisville Gas & Elec. Co.* v. *Coleman*, 277 U. S. 32, 41; see, also, *Bullen* v. *Wisconsin*, 240 U. S. 625, 630–631). The choice of form did not rest with the tax authorities but with the taxpayer. If he unfortunately chose a form which was taxable instead of an equally available form which was nontaxable, he must bear the consequences.

The determination by the State Tax Commission should be confirmed, with $50 costs.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Determination confirmed, with $50 costs.