In the Matter of SUFFOLK COUNTY FEDERAL SAVINGS & LOAN ASSOCIATION, Petitioner, against GEORGE M. BRAGALINI et al., Constituting the State Tax Commission, Respondents.

Third Department, May 23, 1958.

*Joseph F. O'Neill, Arthur L. Milligan* and *George J. Aspland* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Julius L. Sackman* and *Paxton Blair* of counsel), for respondents.

HERLIHY, J. This proceeding under article 78 of the Civil Practice Act, transferred to this court by order of Judge ELS-WORTH, for review and determination of the State Tax Commission confirming the Nassau County Clerk's imposition of a mortgage recording tax pursuant to section 253 of the Tax Law and to direct the County Clerk to refund the said $100 tax paid under protest.

The petition recites these pertinent facts:

a. Gene Williams (not a party here) executed and delivered to petitioner herein a bond and mortgage in the amount of $20,000 which was recorded in the Nassau County Clerk's office.

b. A mortgage tax of $100 was paid at the time of recording.

c. Subsequently Williams sold the property to Eugene and Elizabeth Liebl (not parties here) subject to a $20,000 (now reduced to $18,500) mortgage held by petitioner.

d. Simultaneously therewith an agreement between petitioner and Liebl was made and executed which extended the terms of payment of the original mortgage and among other terms and conditions set forth: "12a. In consideration of the present Mortgagor's assumption of the mortgage debt herein, Mortgagee hereby releases Gene Williams from any liability in connection with the aforesaid obligation."

e. There are exhibits in the record showing a new ledger account in the name of Liebl opened March 25, 1954 and a cancelled account of Williams dated March 26, 1954. This further shows that the original loan made to Williams was on January 16, 1953.

The petitioner contends that the extension agreement was not a new mortgage subject to a recording tax in accordance with section 253 of the Tax Law.

The commission found that such agreement constituted a new indebtedness in the amount of $20,000 and was subject to the recording tax and so taxed.

As to the amount due at the time of the transfer to Liebl, while the various documents recite the balance as $18,500, actually the record shows it was $20,000 at the time of closing. The difference was paid shortly after the completion of the transaction by Williams. The amount of principal debt which "under any contingency may be secured" by the terms of the extension agreement is $20,000 and no one seriously questions that if subject to recording tax, $100 is correct.

Section 253 of the Tax Law in part provides a tax of 50 cents per each $100 or major fraction thereof of the principal debt which is or under any contingency may be secured at the date of the execution or at any time thereafter by a mortgage. This is so as to each such mortgage.

Section 255 of the Tax Law with reference to "supplemental mortgages" provides in part as follows: "such additional instrument or mortgage shall not be subject to taxation under this article unless it creates or secures a new or further indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded primary mortgage".

The only issue here is: "Did the manner and method adopted by the petitioner herein create a new indebtedness?"

In *Matter of Sverdlow* v. *Bates* (283 App. Div. 487, 491) the court said: "It is true that the tax authorities often urge the courts to disregard form and to look to the substance and the courts have responded to that argument by holding that, if the transaction in substance is one which comes within the statute,

644

it is taxable, notwithstanding its form." (*Matter of Fifth Ave. Corp.* v. *Bragalini,* 4 A D 2d, 387, 391.)

Under the present set of facts, the method of financing by the petitioner preserved the security of the lien of the original mortgage but substituted in place of the debt secured thereby an entirely new obligation. Not only a new obligation was established by Liebl but an express discharge of the old obligation by Williams in consideration of the new.

This comes within the language of *Matter of Erie R. R. Co.* v. *State Tax Comm.* (260 App. Div. 268, affd. 284 N. Y. 673–674) at page 273 where the court said: " The new bonds did not go to the old bondholders. There was a new creditor, a new loan and a new contract relationship. The old noteholders and their debts were paid and those debts extinguished. The payment of one mortgage by a new agreement is taxable even though made with the same mortgagee. (*People ex rel. U. S. Title G. Co.* v. *Tax Comm.,* 230 N. Y. 102.) As there stated, ' there is a new transaction with a new tax.' *The significant fact here is that there was a new debt for which the mortgage became security.*" (Emphasis supplied.)

The determination made by the State Tax Commission from the facts in this case was proper and correct and should be confirmed, with costs.

FOSTER, P. J., BERGAN, COON and REYNOLDS, JJ., concur.

Determination confirmed, with $50 costs.