Desmond, J.
Petitioner, a savings and loan association which loans money on real property mortgages, brought this proceeding for the refund to it of a $100 mortgage recording tax imposed on the supposed authority of section 253 of the Tax Law. The first sentence of section 253 is as follows :“A tax of fifty cents for each one hundred dollars and each remaining major fraction thereof of principal debt or obligation which is, or under any contingency may be secured at the date of the execution thereof or at any time thereafter by a mortgage on real property situated within the state recorded on or after the first day of July, nineteen hundred and six, is hereby imposed on each such mortgage, and shall be collected and paid as provided in this article.” The State Tax Commission had already imposed and collected a mortgage recording tax on the mortgage here involved. The dispute is as to whether it was entitled to another such $100 tax on the recordation of an extension agreement relating to that same mortgage. All concerned agree that ordinarily the recording of an agreement extending an existing mortgage does not call for the imposition of a new mortgage recording tax. However, in this instance the Tax Commission and the Appellate Division have held that this extension agreement, because it released the original obligor and brought in as new obligors the purchasers of the property, created for recording tax purposes a new mortgage debt. Therefore, they ruled, the putting on record of this particular extension agreement amounted to the recording of a new mortgage and justified the collection of another $100 tax. We take a different view.
The facts are few and undisputed. A building contractor (Gene Williams) to finance the construction of a residence entered into a building loan agreement with petitioner and at *584 the same time executed a one-year $20,000 bond and mortgage to petitioner without any provisions for amortization of principal. On the recording of this mortgage there was paid the full $100 tax levied by section 253 {supra). Petitioner advanced the $20,000 during the construction. After the house was completed, contractor Williams conveyed the property to purchasers named Liebl, the deed reciting that the transfer was subject to the mortgage held by petitioner. On the same date there was executed the agreement between petitioner and the Liebls which extended the time of payment of the original indebtedness (reduced by payment at the same time to $18,500) with provisions for monthly payments over a 20-year term and a stipulation that the original mortgage on which the recording tax had been paid was continued as a valid first lien on the premises. No new money was loaned or advanced. This extension agreement contained this paragraph which caused the present controversy :£ ‘ In consideration of the present Mortgagor’s assumption of the mortgage debt herein, Mortgagee hereby releases Gene Williams from any liability in connection with the aforesaid obligation.” That release of the original obligor plus the assumption of the mortgage debt by new obligors made this agreement, according to the State Tax Commission, a new mortgage for the recording of which a new tax was due. Petitioner paid the additional tax under protest, then brought this proceeding for a refund.
One statute is involved here: Section 253 of the Tax Law {supra) which imposes a 50 cents-per-$100 recording tax on each mortgage. Inapplicable is section 250 of the Tax Law which says that the recording of an agreement increasing a mortgage indebtedness shall be taxable as to the increase, or section 255 of the Tax Law which taxes the recording of a supplemental mortgage which “ creates or secures a new or further indebtedness ”. Our whole question is whether this extension agreement is to be considered a new mortgage because it substituted new obligors for the old obligor.
In answering our question we keep in mind that tax laws are, at least when ambiguous or doubtful, construed strictly against the taxing power and liberally in favor of the taxpayer (Metropolitan Convoy Corp. v. City of New York, 2 N Y 2d 384, 390) and construed, if possible, so as to avoid double taxation (Mat *585 ter of Cooley, 186 N. Y. 220, 227). It would offend against those principles to say that the extension agreement we are here examining was a new “ mortgage ” subject to a new recording tax.
None of the precedents point to a different answer. People ex rel. Banner Land Co. v. State Tax Comm. (244 N. Y. 159, 162) tells us that this section 253 tax ‘ ‘ is upon the mortgage and not upon personal liability created by a bond ’ \ Matter of Erie R. R. Co. v. State Tax Comm. (260 App. Div. 268, affd. 284 N. Y. 673) dealt with an issue of new mortgage bonds sold to a new lender to finance the payment of old notes and the redemption of old mortgage bonds pledged as collateral for the old notes, in other words, a wholly new loan and loan agreement. Matter of Park & 46th St. Corp. v. State Tax Comm. (295 N. Y. 173, 177) makes it clear that the mortgage recording tax is measured by the principal amount of the mortgage debt and “ not by the maturity date of the mortgage debt, nor by the interest rate. ’ ’
We hold, therefore, that this extension agreement was as matter of law not such a “mortgage” as to be subject to the recording tax of section 253 (supra).
The order should be reversed and the determination of the State Tax Commission annulled and the prayer of the petition for refund granted, with costs in this court and in the Appellate Division.
Chief Judge Conway and Judges Dye, Fuld, Fboessel, Van Voobhis and Bueke concur.
Order reversed, the determination of the State Tax Commission annulled and the matter remitted for further proceedings in accordance with the opinion herein, with costs in this court and in the Appellate Division.