In the Matter of IRVING BRODSKY et al., Petitioners, *v.* JOSEPH H. MURPHY et al., Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, July 20, 1966.

*Morway Picket* and *Geoffrey P. Picket* for petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* and *Ruth Kessler Toch* of counsel), for respondents.

HERLIHY, J. The issue is whether or not the Tax Commission properly determined that the document recorded was not supplemental to a previously executed mortgage under section 255 of the Tax Law.

It appears that on December 29, 1961 petitioner Brodsky gave a mortgage and note to the American Surety Co. for $7,500,000 on premises situate at 100 Broadway in the City of New York on which a building was located. On December 28, 1962 this mortgage was assigned to the Chemical Bank New York Trust Company. On March 29, 1963 the mortgage was assigned to Massachusetts Mutual Life Insurance Company (hereinafter called Massachusetts). On April 1, 1963 Massachusetts released the *land only* from the mortgage lien to the then title holder, petitioner Second Nominated Properties, Inc. (hereinafter called Nominated); Nominated deeded the *land only* to Massachusetts; Massachusetts leased the land back to Nominated; and Nominated gave Massachusetts the document denominated as supplemental mortgage in the amount of $3,000,000, which was described as the unpaid balance of the original mortgage. It is not contended that the sum of $3,000,000 was not then owing to Massachusetts on the original mortgage.

Section 255 of the Tax Law exempts from the recording tax an additional mortgage imposing a lien on property not originally covered by the recorded mortgage, and securing the indebtedness in the recorded mortgage, unless it creates a " new or further indebtedness or obligation ", other than that which is secured by a recorded mortgage.

The argument here by petitioners is that this supplemental mortgage merely adds new security to an old debt under the exemption referred to above in section 255 of the Tax Law.

The respondents' argument is correct that the State Tax Commission and this court are not bound by the label " Supplemental Mortgage Agreement " and the declarations of the agreement which purport to make it supplemental to the original

mortgage. (Cf. *Matter of Drobner* v. *Chapman*, 275 App. Div. 520, 522.)

The transactions as outlined show that prior to the execution of the new indenture there remained a duly recorded mortgage debt of $3,000,000 owed to the mortgagee herein and that Nominated held title to the security thereof subject to the mortgage. After the execution and delivery of this indenture, Nominated owed to the mortgagee herein the same sum of $3,000,000 still secured by the same premises as before. The indenture gave additional security in the form of the rights of Nominated in and to a leasehold as lessee but did not give the mortgagee any right to recover on foreclosure any part of the rents which might become due it as lessor under such leasehold agreement. Accordingly, it is clear that there is no further indebtedness or obligation created or secured by this indenture.

The next question is whether or not there is a *new* indebtedness. In this respect the respondents argued that the parties to this indenture are different than the parties to the original transaction and that the method of payment has been changed so as to extend the maturity of the mortgage; however, it was held in *Matter of Suffolk County Fed. Sav. & Loan Assn.* v. *Bragalini* (5 N Y 2d 579) that such matters do not create a new mortgage. This indenture provides for a new and higher rate of interest, but this was held not to create a new mortgage in *Matter of Park & 46th St. Corp.* v. *State Tax Com.* (295 N. Y. 173).

We have considered the fact that prior to this supplemental mortgage and the transactions which occurred on April 1, 1963, there had been negotiations between the parties herein for a loan of $3,000,000 and that this supplemental mortgage adopts some of the terms mentioned in such negotiations, but that creates no presumption or any inference of a new loan as deduced by the respondents. To the contrary, it seems evident that due to the ownership of the land and the building passing from the original owner to separate owners, in order to properly secure the balance of the mortgage due as the result of these transactions, it became necessary to make the leasehold interest collateral to the mortgage and in accomplishing this result, the supplemental mortgage was adopted as a necessary instrument. In other words, the original security for the mortgage (land and building) was reinstated by way of leasehold interest and building. The absence of a cancellation of the original mortgage or a showing of an additional or new indebtedness precludes a finding that in fact there was a new mortgage loan in view of the form which this financing actually took.

After all of the financing which resulted in reducing the original mortgage to $3,000,000 the fact remains, while not necessarily controlling, that the supplemental mortgage recited "There remains unpaid upon the Mortgage obligation secured thereby the aggregate principal sum of   *   *   *   ($3,000,000) " and that the supplemental mortgage agreement is for "further and additional security for the payment of the said sum of money".

The hearing officer found that "The instrument under review secures a new indebtedness of $3,000,000. and was taxable at recording in that amount, *People ex rel. Jewelers Building Corp. vs. State Tax Commission,* 214 App. Div. 99, Aff'd 241 N. Y. 524."

The cited decision is not in point. There, a prior indebtedness in the amount of $750,000 was increased in the amount of $250,000 and the consolidation agreement was accompanied by a bond in the amount of $1,000,000. The prior bond in each instance was cancelled. It apparently was not questioned but that the additional sum of $250,000 was actually advanced. Concededly, such facts constitute a new loan and not a supplemental mortgage.

The officer reported that the instrument under review " (a) evidences the agreement of the parties under which Nominated as mortgagor secures by mortgage on its leasehold estate, an indebtedness of $3,000,000 due and owing by Nominated to Massachusetts; (b) is a new mortgage to secure a new indebtedness of $3,000,000 due and owing by Nominated, a new obligor, to Massachusetts, a new obligee, and affects the new leasehold property of Nominated." There is no direct proof or fair inference to sustain the determination that a new indebtedness was created and that Massachusetts became a new obligee. The filing affidavit by the attorney associated with the legal firm representing Massachusetts refutes such statements.

In *Matter of Fifth Ave. Corp.* v. *Bragalini* (4 A D 2d 387, 394) this court said: " The parties chose a method which kept alive both the old indebtedness and the old mortgage lien, with alterations in their terms and conditions. This method was open to them under the statute ".

The present record does not establish that the instrument, dated April 1, 1963 " constitutes new or further indebtedness " within the meaning of article 11 of the Tax Law. In making this determination in favor of the petitioner we have, additionally, in mind " that tax laws are, at least when ambiguous or doubtful, construed strictly against the taxing power and liberally in favor of the taxpayer (*Metropolitan Convoy Corp.*

230

v. *City of New York,* 2 N Y 2d 384, 390) and construed, if possible, so as to avoid double taxation (*Matter of Cooley,* 186 N. Y. 220, 227).'' (*Matter of Suffolk County Fed. Sav. & Loan Assn.* v. *Bragalini,* 5 N Y 2d 579, 584–585.)

The determination should be annulled and the matter remitted to the State Tax Commission for further proceedings in accordance with the opinion herein.

GIBSON, P. J., REYNOLDS, TAYLOR and AULISI, JJ., concur.

Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings in accordance with the opinion herein.