■ In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Petitioner, v. STATE TAX COMMISSION, Respondent.— GIBSON, P. J. Proceeding under article 78 of the CPLR to review a determination of the State Tax Commission which sustained the imposition and collection by the recording

officer of New York County of a mortgage tax under article 11 of the Tax Law upon the recording of petitioner's "Twenty-Fourth Supplemental Indenture", executed October 1, 1962 as supplemental to petitioner's original mortgage trust indenture of April 1, 1946. This original indenture and the 23 supplemental indentures intervening prior to the twenty-fourth here in issue secured various series of bonds aggregating the principal amount of $1,300,000,-000 upon which the full amount of the recording tax of $6,500,000 had been paid. The bonds thus secured included $75,000,000 bonds denominated Series Q and to obtain funds to enable it to exercise its option to redeem the bonds of the Series Q issue prior to maturity, petitioner on October 2, 1962 contracted with certain underwriters and purchasers to sell, and the latter contracted to purchase, for cash and not in exchange or substitution for the Series Q bonds, a new issue of bonds, designated Series W, in the amount of $75,000,000, which bonds were certified by the trust mortgagee on October 10, 1962 and delivered and paid for. On this same date of October 10, 1962 the supplemental indenture was presented for recordation. On October 9, 1962, however, petitioner had deposited with the mortgage trustee sufficient funds to redeem the Series Q issue; and the eighteenth supplemental indenture, pursuant to which the Series Q bonds had been issued, was on October 9, 1962 certified by the trustee to have been satisfied and discharged. Considerable portions of petitioner's briefs are devoted, first, to an attack upon the commission's findings that the total secured indebtedness immediately prior to the issuance of the Series W bonds was $1,300,000,000 and immediately thereafter was $1,375,000,000 and, second, to presentation of the clearly erroneous argument that such an increase to the latter amount was an essential prerequisite to the imposition of the tax. The commission's error, if such it was, seems to have occurred because of petitioner's omission to inform either the recording officer or the commission of the certificate of satisfaction which was not recorded and apparently was first disclosed by the petition in the proceeding before us. The apparently erroneous finding does not vitiate the determination, however, nor does it infect the adequately proven bases upon which it rests; and the fact that $1,375,000,000 may not have been owed at one and the same time is not in this case conclusive against the tax assessment. If, as petitioner contends, the Series Q indebtedness was in fact discharged on October 9, 1962, the total indebtedness then became $1,225,000,000, which *on the next day*, October 10, 1962, and thus not concurrently, was increased by "a new [and] further indebtedness" of $75,000,000, taxable under section 255 of the Tax Law, and the mortgage trustee's certification of the bonds on the latter date constituted "an advance" under section 259 of the Tax Law, as the respondent Commission in each instance specifically and correctly determined. Thus the manner and form of financing which the petitioner elected to pursue were such as to create and secure a new and further indebtedness or obligation within the meaning of section 255 of the Tax Law. Petitioner's reliance upon *Matter of Park & 46th St. Corp.* v. *State Tax Comm.* (295 N. Y. 173), which involved an exchange of securities, and *Matter of Brodsky* v. *Murphy* (26 A D 2d 225), involving a substitution of collateral, is not well placed. Determination confirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Gibson, P. J.