In the Matter of the CITY OF NEW YORK, Petitioner, *v.* MARIO A. PROCACCINO et al., Constituting the State Tax Commission, et al., Respondents.

Third Department, February 27, 1975.

*Adrian P. Burke, Corporation Counsel* (*Robert J. Metzler, II, Samuel J. Warms* and *Isaac C. Donner* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for Mario A. Procaccino and others, respondents.

*Post, Hopkins & De Mott* (*David R. Crow* of counsel), for Massachusetts Mutual Life Insurance Company and another, respondents.

MAIN, J. This is a proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by an order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which held that the " Supplemental Indenture " (Indenture) herein was not a new mortgage, but was a supplemental mortgage exempt from the recording tax in accordance with the meaning and intent of section 255 of the Tax Law.

Indebted to Bankers Trust Company in the amount of $12,000,000, secured by mortgages of $11,000,000 and $1,000,000, Abraham and Sigmund Sommer (the Sommers) arranged for the assignment without recourse of these mortgages to the

First National State Bank of New Jersey, formerly the National State Bank of Newark (Trustee), as Trustee for the respondent insurance companies. The Sommers further received a loan of $1,000,000 from the respondent insurance companies in return for which they executed and delivered to the Trustee a demand note secured by a mortgage on which a recording tax of $5,000 was duly paid. The purpose of the Indenture, which was executed by the Sommers and delivered to the Trustee on December 30, 1964, was to serve as further security for the Sommers' $13,000,000 debt and to combine and consolidate the three mortgages then held by the Trustee. When it was recorded on January 14, 1965, a mortgage recording tax of $65,000 was paid under protest by the respondent insurance companies, and it is the State Tax Commission's subsequent determination that this payment must be refunded which petitioner challenges here.

We agree that there must be a refund. In so holding, we first note that taxing statutes, when ambiguous and doubtful, should be construed liberally in favor of the taxpayer (*Metropolitan Convoy Corp.* v. *City of New York,* 2 N Y 2d 384) and to avoid double taxation (*Matter of Suffolk County Fed. Sav. & Loan Assn.* v. *Bragalini,* 5 N Y 2d 579). Furthermore, on the particular facts in this case, it is clear that the Indenture involves no new principal debt or obligation, but merely consolidates and secures $13,000,000 of indebtedness upon which a recording tax has already been paid. Accordingly, even though the Indenture may not fit precisely within the definition of a supplemental mortgage as contained in section 255 of the Tax Law, no recording tax is applicable thereto, since "it is the principal sum of a loan * * * which measures a mortgage tax." (*Matter of Park & 46th St. Corp.* v. *State Tax Comm.,* 295 N. Y. 173, 179; *Matter of Fifth Avenue & 46th St. Corp.* v. *Bragalini,* 4 A D 2d 387.)

As to respondent insurance companies' request for interest on their refund, none is awarded since the Tax Law makes no provision therefor and the tax here was collected under a valid statute erroneously interpreted (*Matter of Brodsky* v. *Murphy,* 25 N Y 2d 518).

The determination should be confirmed, and the petition dismissed, with costs to respondents.

Herlihy, P. J., Sweeney, Kane and Larkin, JJ., concur.

Determination confirmed, and petition dismissed, with costs to respondents.