In the Matter of BAY VIEW TOWERS APARTMENTS, INC., et al., Petitioners, v STATE TAX COMMISSION et al., Respondents.

Third Department, May 15, 1975

*Charles S. Desmond* for Bay View Towers Apartments, Inc., petitioner.

*Walker, Walker & Kapiloff (Arnold Y. Kapiloff* of counsel), for Briarwood Terrace, Inc., petitioner.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for State Tax Commission, respondent.

*W. Bernard Richland, Corporation Counsel (Robert J. Metzler* of counsel), for City of New York, respondent.

GREENBLOTT, J. P. This is a proceeding pursuant to CPLR article 78 to review a determination of the State Tax Commission, which held that a "Mortgage Severance and Modification Agreement" and a "Supplemental Mortgage Agreement" were not exempt from the mortgage recording tax.

On July 16, 1971 Village Mall at Bayside, Inc. (hereinafter Village Mall) executed and delivered to the Long Island Savings Bank its promissory note and first mortgage in the amount of $4,150,000 payable July 16, 1973 at 10.8% interest, covering property located in Bayside, New York. Such property was to be used for the purposes of constructing 124 town houses and two apartment buildings. The mortgage described the entire property as Parcel I and continued to describe subdivisions of that land as Parcels II and III. The mortgage was recorded on July 27, 1971 and a mortgage recording tax of $31,125 was paid.

On October 29, 1971, Village Mall and Long Island Savings Bank executed a "Mortgage Severance and Modification Agreement" which severed the original mortgage into two parts, so as to allocate the lien on Parcel II to secure $3,220,-000 of the original debt, and the lien on Parcel III to secure the remaining $930,000 of the original debt. Although this instrument extended the date of payment until October 29, 1973, the document specifically stated that it represented security for the original indebtedness and did not secure any additional obligations. The instrument was recorded on November 10, 1971 and no mortgage recording tax was requested or paid. Subsequently, Bay View Towers Apartments, Inc. (hereinafter Bay View) acquired title to Parcel II.

Following the execution of the "Mortgage Severance and Modification Agreement", Village Mall conveyed Parcel III to Briarwood Terrace, Inc. (hereinafter Briarwood) subject to the $930,000 mortgage. On January 13, 1972 Briarwood and Long Island Savings Bank entered into a "Supplemental Mortgage Agreement" that severed Parcel III into 62 parcels with each parcel serving as security for $\frac{1}{62}$ of the $930,000 first mortgage lien held by the Long Island Savings Bank. This document was recorded and no mortgage recording tax was requested or paid.

On August 2, 1972 the State Department of Taxation informed the Queens County Register that a mortgage recording tax should have been obtained for the filing of the "Mortgage Severance and Modification Agreement" as well as the "Supplemental Mortgage Agreement". Both Bay View and Briarwood were apprised of this ruling and were informed that an estoppel notice would be placed on the margin of the record until the tax was paid. Consequently, Bay View and Briarwood paid $42,866.25 and $12,206.25, respectively, under protest for the tax assessed due to the November 10, 1971 recording. In addition, Briarwood paid $10,427.63 under protest for the tax assessed due to the January 13, 1972 transaction.

The taxpayers subsequently applied to the State Tax Commission for a review of the assessment. The commission held that the tax was applicable and that the transactions were not exempt as supplemental instruments pursuant to section 255 of the Tax Law since the original mortgage did not contain any provision for the splitting of the mortgage by a supplemental agreement.

The sole issue on this appeal is whether the "Mortgage Severance and Modification Agreement" and the "Supplemental Mortgage Agreement" are subject to the mortgage recording tax. (See Tax Law, § 253, subd 1.)

It is well recognized that taxing statutes when ambiguous or doubtful should be construed liberally in favor of the taxpayer (*Metropolitan Convoy Corp. v City of New York,* 2 NY2d 384, 390; *Matter of City of New York v Procaccino,* 46 AD2d 594; *200 E. 64th St. Corp. v Manley,* 44 AD2d 11, 16, mot for lv to app granted 35 NY2d 645), and should also be construed to avoid double taxation (*Matter of Suffolk County Fed. Sav. & Loan Assn. v Bragalini,* 5 NY2d 579, 584–585; *Matter of City of New York v Procaccino, supra; 200 E. 64th St. Corp. v Manley, supra*).

Both sections 253 and 255 of the Tax Law require that only a mortgage on the principal debt or obligation, or on a new or further indebtedness other than the principal obligation should be subject to the recording tax. (*Matter of Park & 46th St. Corp. v State Tax Comm.,* 295 NY 173, 178–179.) Parties may engage in transactions which contemporaneously exchange old mortgage notes for new ones without incurring the recording tax since it is "merely an exchange of one form of evidence of the indebtedness for another form. The indebtedness remained the same; only the evidence of it was changed" (*Matter of Fifth Ave. & 46th St. Corp. v Bragalini,* 4 AD2d 387, 390). Although the instrument in *Matter of Fifth Ave. & 46th St. Corp. v Bragalini* was "not technically a supplemental mortgage within the terms of section 255 of the Tax Law" and the court stated that such technical adherence was not required, no tax was applicable to any part of the instrument which did not involve a new principal debt or obligation (id. at p 391; see, also, *Matter of City of New York v Procaccino, supra*). The fact that different parties were involved in a subsequent transaction than there were on the original mortgage has been held not to constitute the creation of a new mortgage (*Matter of Brodsky v Murphy,* 26 AD2d 225, 228, affd 20 NY2d 828). Similarly, the fact that there is a new interest rate or different term for the indebtedness does not require that the recording of the new document be taxed (*Matter of Park & 46th St. Corp. v State Tax Comm., supra*).

Recently, in *Matter of City of New York v Procaccino (supra),* we held that a "Supplemental Indenture" which consolidated various mortgages, altered the applicable interest

rate, lengthened the repayment term, and dealt with different parties than were on the original mortgages, did not incur a mortgage recording tax. Furthermore, in *200 E. 64th St. Corp. v Manley (supra,* p 17), this court held that no mortgage recording tax was incurred on the recording of a document "which does no more than to formally complete a transaction which was fully contemplated at the time of, and was part and parcel of, the original mortgage upon which a recording tax has already been paid."

Thus the transactions involved in the present case should not incur a mortgage recording tax. The State Tax Commission erred when it ruled that since the original mortgage did not expressly provide for the severance of the mortgage, the filing of the subsequent documents incurred the recording tax. Such is not the appropriate rule. Rather, only the recording of a mortgage securing the principal debt or a new indebtedness is subject to the tax. Subsequent filings that consolidate, perfect, or modify the original mortgage without creating new indebtedness do not incur any tax liability. As long as the parties are careful not to extinguish the original debt so as not to create a new indebtedness, no tax should be incurred (cf. *Matter of City of New York v Procaccino, supra,* with *People ex rel. Jewelers Bldg. Corp. v State Tax Comm.,* 214 App Div 99, affd 241 NY 524, and *Matter of Sheraton Corp. of Amer. v Murphy,* 35 AD2d 294).

Both the "Mortgage Severance and Modification Agreement" and the "Supplemental Mortgage Agreement" continued the $4,150,000 debt secured by the original mortgage. The instrument did not create any new or additional principal debts. The purpose of both transactions was to apportion the mortgage securing the entire debt over various parcels of the original property. The terms of the two instruments incorporated the same provisions as the original mortgage with the exception of the maturity date on Parcel III; and the instruments specifically provided for the continuation of the original debt. The appropriate mortgage recording tax had been paid on the entire amount when the original mortgage was filed. Since there was no new principal debt involved (see *Matter of City of New York v Procaccino, supra),* and since the original document's description of the property subject to the mortgage indicates that the parties contemplated the future severance of the property (see *200 E. 64th St. Corp. v Manley, supra),* no recording tax should be imposed. Moreover, it could be con-

cluded that since the effect of the agreements in question was to change the descriptions of the various parcels of land securing various portions of the original debt, the instruments merely "impos[ed] the lien * * * upon property not originally covered by or not described in such recorded primary mortgage", thereby qualifying for exemption under section 255. The argument by respondent City of New York that the "Supplemental Mortgage Agreement" will insulate future mortgages by individual purchasers of the 62 plots covered therein from the tax is not appropriate for consideration on this appeal. Accordingly, the State Tax Commission's determination should be annulled and appropriate refunds should be made to the petitioners.

The determination should be annulled, with costs, and the matter remitted for further proceedings not inconsistent herewith.

SWEENEY, KANE, MAIN and LARKIN, JJ., concur.

Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith.