In the Matter of FIRST FISCAL FUND CORP., Petitioner, v STATE TAX COMMISSION et al., Respondents.

Third Department, November 26, 1975

*I. Edward Pogoda* for petitioner.

*W. Bernard Richland, Corporation Counsel (Arnold Fox* of counsel), for Matthew R. Dwyer, respondent.

*Louis J. Lefkowitz, Attorney-General (Joseph F. Gibbons* and *Ruth Kessler Toch* of counsel), for State Tax Commission, respondent.

KOREMAN, J. Petitioner executed a note and mortgage in the sum of $1,200,000 to Broadway Savings Bank on November 15, 1972. On the same date petitioner also executed another note and mortgage for $425,000 to Wilco Properties Corp. on the same premises. The full mortgage tax was paid on both mortgages when they were recorded. As of May 1, 1974 the total unpaid principal balance on the two mortgages was $1,605,000. On that date petitioner executed a third mortgage on the premises to Lawrence Kadish, to secure a new indebtedness of $1,095,000 and also to secure the previous indebtedness of $1,605,000, aggregating a total indebtedness of $2,700,000. This third mortgage recites that it is a "Wrap-Around" mortgage, and provides that petitioner is to pay Kadish the debt service on the entire $2,700,000, and Kadish in turn is to pay the debt service on the two prior mortgages

on petitioner's behalf. When the third mortgage was presented for recording to the register of the City of New York, the mortgage tax on the entire $2,700,000 was demanded and paid under protest. Petitioner applied for a refund of $20,062.50, such amount being that part of the total tax paid as is attributable to the $1,605,000 prior indebtedness. A formal hearing was held, after which the respondent State Tax Commission denied petitioner's application.

Sections 253 and 253-a of the Tax Law impose a tax upon the "principal debt or obligation" secured by a mortgage on real property. In the present case, it is clear that of the total indebtedness secured by the third mortgage only $1,095,000 constitutes new indebtedness, while the remaining $1,605,000 constitutes old indebtedness upon which mortgage recording tax already has been paid.

It is well settled that taxing statutes, when ambiguous or doubtful, should be construed liberally in favor of the taxpayer, and so as to avoid double taxation *(Matter of Bay View Towers Apt. v State Tax Comm.,* 48 AD2d 86; *Matter of City of New York v Procaccino,* 46 AD2d 594). We find that the original mortgage debt was not extinguished and that under section 253 of the Tax Law, mortgage recording tax was only payable upon the $1,095,000 increase, rather than upon the entire amount secured by the third mortgage *(Matter of City of New York v Murphy,* 36 AD2d 658, mot for lv to app den 29 NY2d 482).

The determination should be annulled, and the matter remitted for further proceedings not inconsistent herewith, with costs.

SWEENEY, J. P., KANE, MAIN and LARKIN, JJ., concur.

Determination annulled, and matter remitted for further proceedings not inconsistent herewith, with costs.