In the Matter of DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent, v. ASSESSORS OF THE CITY OF BINGHAMTON et al., Appellants.— Appeal from an order of the Supreme Court, Broome County, denying appellants' motion to dismiss respondent's petition in a proceeding under article 13 of the Tax Law for failing to state facts sufficient to constitute a cause of action. The respondent's petition seeks review of the assessment placed upon its real property in the City of Binghamton. The petition sets forth that the respondent duly appeared before the appellants by its authorized agent, made application for a correction of its assessment, duly filed a verified protest which was received without objection and that a hearing was held thereon with appellants refusing to reduce the amount of the assessment. The protest, a copy of which was attached to the petition, was signed " The Delaware, Lackawanna and Western Railroad Company by Albert L. Merriam, District Land & Tax

Agent," and in his verification thereof Merriam swore that he was the District Land and Tax Agent of the corporation making the complaint, that he signed it as such and was authorized to do so. The appellants moved to dismiss the petition for failing to state facts sufficient to constitute a cause of action on the ground that it failed to show compliance by the respondent with certain provisions of Local Law No. 1 of the Local Laws of 1943 of the City of Binghamton which provides in part that complaints must be made by the person assessed or whose property is assessed and that: "2. * * * If such statement is made by a person other than the person assessed or whose property is assessed, there must be submitted to the assessor and board of review a written power of attorney, duly acknowledged, showing the authorization of the person therein designated to make such statement." The court denied the motion. The appellants seek to place an overly technical interpretation on the provisions of section 2 of the Local Law No. 1 and it is the well-established rule that such enactments should be given a liberal interpretation in favor of the taxpayer so as not to defeat his right to have his assessment reviewed. Section 37 of the General Construction Law provides that, "The term person includes a corporation". Of course, a corporation such as respondent can only act through its officers and agents so it would seem that a complaint or protest signed, as here, in the name of the corporation by one of its officers or agents is the equivalent of one signed by the person whose property is assessed. Further, this court has previously held that the provision involved here is "a procedural provision designed to prevent unauthorized appearances" (*Matter of McLean's Stores* v. *Commissioner of Assessment*, 2 A D 2d 98, 100). A procedural as opposed to a jurisdictional defect may be waived and by receiving and hearing the protest on the merits without objection the appellants waived the alleged defect of which they now complain (cf. *People ex rel. Irving Trust Co.* v. *Miller*, 264 App. Div. 270). Order unanimously affirmed, with $10 costs.