In the Matter of SHERATON CORPORATION OF AMERICA, Petitioner, *v.* JOSEPH H. MURPHY et al., Constituting the State Tax Commission, et al., Respondents.

Third Department, December 7, 1970.

*Paul V. Wolfe* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* of counsel), for State Tax Commission, respondent.

*J. Lee Rankin, Corporation Counsel (Isaac C. Donner* and *Samuel J. Warms* of counsel), for City of New York, respondent.

SWEENEY, J. This is a proceeding under article 78 of the CPLR (transferred to the Appellate Division in the Third Judicial Department by an order of the Supreme Court at Special Term, entered January 9, 1970 in Albany County) to review a determination of the State Tax Commission which sustained the collection of a mortgage recording tax.

The petitioner seeks to recover the mortgage tax paid by it under protest on a transaction involving the Sheraton-Astor Hotel and the Sheraton-Ambassador Hotel.

On February 29, 1956, the Sheraton-Astor Corporation executed a mortgage in favor of Sheraton Limited to secure an indebtedness of $2,200,000 covering the Sheraton-Astor Hotel and the personal property therein. A mortgage recording tax was paid. On December 31, 1957 the Sheraton-Astor Corporation entered into a contract with the owner of the Ambassador Hotel to transfer title of that hotel to Sheraton-Astor Corporation in return for transfer of the Sheraton-Astor Hotel free of the $2,200,000 mortgage. On March 3, 1958 a document entitled a "Release of Part of Mortgaged Premises" was executed, releasing the Astor from the mortgage. On that same date the parties entered into a "Consolidated Spreading and Extension Agreement" which by its terms purported to spread the lien

of the mortgage to cover in addition to the Astor Hotel the Ambassador Hotel as security for the mortgage. Both of these documents were recorded on March 4, 1958.

The sole issue presented on this appeal is whether the Tax Commission properly considered the spreading agreement as a new mortgage and correctly assessed the recording tax.

It is the contention of the petitioner that the transaction was exempt under the provisions of section 255 of the Tax Law. This section provides that an instrument shall not be subject to the recording tax if it is a supplemental mortgage imposing a lien on a property not covered by a prior recorded mortgage, but securing no further obligation than the indebtedness of the recorded mortgage. If the spreading agreement constituted additional security for the prior indebtedness, the amount of which concededly was not increased, it would be exempt from the recording tax.

Regardless of the labels given the instruments, however, if a new or further indebtedness were created, the transaction would not be exempt. Although petitioner and the other parties to the agreement intended by the terms of the spreading agreement to add the Ambassador property to the mortgage before releasing the Astor property from its lien, in actuality they failed to do so. An examination of the facts reveals that before the Astor Hotel could be transferred, it had to be released from the lien of the mortgage in question. At the time the spreading agreement was entered into, the Sheraton-Astor Corporation did not own the Ambassador and, consequently, could not include it as additional security. While the time element was short, there was a period of time when the Astor was free of the lien. The spreading agreement, in effect, substituted the Ambassador for the Astor as security for the mortgage. It was, in fact, a new mortgage creating and imposing a lien on a new piece of property. Consequently, we conclude that the Tax Commission properly determined that the transaction was subject to the recording tax.

The case of *Matter of Brodsky* v. *Murphy* (26 A D 2d 225, affd. 20 N Y 2d 828), relied upon by the petitioner, is readily distinguishable. In the *Brodsky* case the mortgage was held to be supplemental and the transaction, consequently, exempt because it was " still secured by the same premises as before ". (*Matter of Brodsky* v. *Murphy, supra,* p. 228).

The determination should be confirmed, with costs.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and COOKE, JJ., concur.

Determination confirmed, with costs.