Memorandum. We agree with the reasoning of Mr. Justice Staley in his dissenting opinion at the Appellate Division that the construction mortgage was extinguished through merger when it was acquired by John Hancock Mutual Life Insurance Company, the then owner of the leasehold. As the consolidation agreement does not qualify as a supplemental mortgage under section 255 of the Tax Law, for the reasons therein stated, a recording tax was subsequently due and owing upon the filing of said agreement (Tax Law, § 250).
 

 We disagree, however, with the determination that the appraisal value of the property should be used in the computa
 
 *747
 
 tion of the taxes due. The amount of the principal debt or obligation is to be used as the basis for computation of the recording tax (Tax Law, § 253), unless that amount "is not determinable from the terms of the mortgage” in which case "the value of the property covered by the mortgage” is to be used (Tax Law, § 256). Here, although the consolidation agreement provided for additional payments, the amount of which would not be ascertainable at the time of recording, such payments are nothing more than additional interest and, therefore, do not make indeterminable or uncertain the amount of the principal indebtedness, which remains at $5,500,000.
 

 The order of the Appellate Division should be modified by remitting the matter to the Appellate Division with directions to remand to the State Tax Commission for computation of the recording tax in the full amount of the indebtedness of $5,500,000, evidenced by the consolidation agreement recorded June 30, 1970, without costs.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order modified, without costs, and the matter remitted to the Appellate Division, Third Department, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.