■ In the Matter of WOODMERE KNOLLS, INC., Petitioner, v MARIO A. PROCACCINO et al., Constituting the State Tax Commission, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied an application for a refund of mortgage recording tax paid pursuant to section 253 of the Tax Law. This article 78 proceeding was brought pursuant to section 251 of the Tax Law to review the determination of the State Tax Commission denying petitioner's application for a refund of $7,500 of the mortgage tax

paid upon the recording of a mortgage in the office of the Clerk of Nassau County on June 11, 1973, on the ground that such tax was erroneously assessed. Petitioner at times pertinent to this proceeding was the owner of two parcels of land in Nassau County improved with two office buildings known respectively as 100 and 200 Garden City Plaza. On June 9, 1969 petitioner borrowed $3,500,000 from the Reliance Federal Savings and Loan Association (hereinafter referred to as Reliance Federal), executing a note, and as security therefor, a first mortgage encumbering 100 Garden City Plaza. The mortgage was recorded in the office of the Nassau County Clerk on June 12, 1969, and a mortgage tax of $17,500 was paid by petitioner. On June 3, 1970 petitioner entered into a $4,000,000 building loan agreement with Reliance Federal for the construction of 200 Garden City Plaza, executing a note secured by a first mortgage in such amount. The mortgage was recorded in the office of the Nassau County Clerk on June 5, 1970, and petitioner paid the mortgage recording tax thereon of $30,000. The tax was measured by the "principal debt or obligation which is, or under any contingency may be secured at the date of the execution thereof or at any time thereafter by a mortgage on real property" (Tax Law, § 253, subd 1). Only $3,000,000 was advanced by Reliance Federal to petitioner pursuant to the June 3, 1970 agreement. On April 3, 1972, petitioner and Reliance Federal entered into a modification of building loan agreement whereby the original agreement was "modified so that the amount available under the building loan and permanent mortgage * * * be reduced from $4,000,000.00 to $3,000,000.00". The parties also entered into a "recast and modification agreement" dated January 10, 1973, indicating that the indebtedness secured by the June 3, 1970 agreement was in the amount of $3,000,000 rather than $4,000,000. On May 29, 1973, petitioner sought to refinance the mortgages encumbering the two parcels. At that time, the principal balance on the mortgage of June 9, 1969 had been reduced to $3,427,781.99. The principal secured by the mortgage of June 3, 1970 as modified by the agreements of April 3, 1972 and January 10, 1973 remained at $3,000,000, the sum originally advanced. Pursuant to this refinancing, Reliance Federal advanced the petitioner the additional sum of $3,572,218.01, evidenced by a note in that amount secured by a mortgage encumbering both parcels, thereby bringing the total then due and owing to Reliance Federal, as secured by the mortgages, up to $10,000,000. The mortgage of May 29, 1973 was recorded in the office of the Nassau County Clerk on June 11, 1973 and petitioner, under protest, paid a mortgage tax of $26,791.50, representing the tax payable on the amount most recently advanced, to wit, $3,572,218.01. The essence of petitioner's complaint is that it has paid mortgage recording taxes on a total sum of $11,072,218.01, while receiving from Reliance Federal only $10,072,218.01, and therefore petitioner applied to the State Tax Commission for a refund on so much of the mortgage tax as was paid on the sum of $1,000,000 which had not been advanced. After a hearing, petitioner's application was denied on the ground that the $7,500 representing the mortgage tax on the amount of $1,000,000 did not constitute a supplemental mortgage exempt from taxation pursuant to section 255 of the Tax Law. Petitioner's contentions must be rejected. We need not cite the numerous cases referred to which establish the rule that double taxation is to be avoided, for the soundness of that proposition cannot be disputed. What we are dealing with in this case is a taxing scheme at the center of which lies the concept that a tax is due and payable on the recording of any mortgage securing any new indebtedness "which is, or under any contingency may be secured * * * by a mortgage". (Tax Law,

§ 253.) Under section 255 of the Tax Law, a mortgage is exempt from the recording tax if (1) the mortgage corrects or prefects a prior recorded mortgage; (2) the mortgage is pursuant to some provision or covenant providing for modification of the prior recorded mortgage; or (3) the mortgage imposes an additional mortgage on property other than that covered by the prior recorded mortgage as additional security for the original indebtedness. Petitioner argues that situation number 3 is in existence here, in that the mortgage of May 29, 1973, to the extent that it secures the sum of $1,000,000 which could have been advanced under the June 3, 1970 agreement, merely imposes an additional mortgage on property not covered by that prior agreement. However, these exceptions do not have blanket application, for under the language of section 255 the exemption from tax is not available where the supplemental mortgage "creates or secures a new or further indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded primary mortgage, in which case, a tax is imposed * * * on such new or further indebtedness or obligation" (Tax Law, § 255). The focus of our inquiry, therefore, must be whether the commission has properly determined that to the extent of the $1,000,000 in issue, the mortgage of May 29, 1973 created a new or further indebtedness. That an affirmative answer to this question is required is clearly indicated by the actions of the parties. By entering into the agreements of April 3, 1972 and January 10, 1973, petitioner and Reliance Federal did more than merely acknowledge that only $3,000,000 had been advanced under the June 3, 1970 agreement; they expressly provided that the amount of $1,000,000 previously available would not be advanced and could no longer be required to be advanced, and thus did not represent "the principal indebtedness which is or under any contingency [could] be secured by [the] recorded primary mortgage". Thus, when Reliance Federal, on May 29, 1973, advanced to petitioner the sum of $3,572,218.01, the full amount thereof represented the "new or further indebtedness" secured, together with other debts, by the mortgage of that date, and such amount was therefore subject to the recording tax. The guiding principle was only recently restated. A tax on a mortgage claimed to fall under the exemptions of section 255 should not be incurred "As long as the parties are careful not to extinguish the original debt so as not to create a new indebtedness" (Matter of Bay View Towers Apts. v State Tax Comm., 48 AD2d 86, 90). Here, to reiterate, the parties did indeed extinguish any indebtedness or contingent indebtedness in excess of $3,000,000 under the June 3, 1970 agreement. (Cf. Matter of 200 East 64th St. Corp. v Manley, 37 NY2d 744, mod 44 AD2d 11; Matter of Sheraton Corp. of Amer. v Murphy, 35 AD2d 294.) It matters not that petitioner has paid a tax on an indebtedness which never actually came into existence, representing an amount it never received, for the tax is imposed on the debt which may be secured where it exceeds the amount actually advanced.* Petitioner could have received an additional advance of $1,000,000 under the June 3, 1970 agreement. For reasons both unknown and without legal consequence it did not do so, and its right to such additional advance terminated under subsequent agreements. When petitioner thereafter incurred a further indebtedness secured by a mortgage, the imposition of a tax on such additional amount was correct. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane, Mahoney, Main and Herlihy, JJ., concur.

---

* A different rule governs, by statute, in the case of mortgages given in trust to secure corporate bonds. (See Tax Law, § 259.)