Harold J. Hughes, J.
Petitioner commenced this article 78 proceeding seeking to annul that portion of an amended determination of the State Tax Commission which held that an additional mortgage recording tax was due at the rate of Vi.% per month from June 30, 1970 to the date of payment.
The essential facts are not in dispute. Petitioner brought a prior article 78 proceeding in 1972 to review a determination of the State Tax Commission that a certain consolidation agreement was subject to the mortgage recording tax imposed by article 11 of the Tax Law.
The matter was transferred to the Appellate Division, Third Department, which decided that the agreement was not taxable on the principal amount of $5,500,000, but that it was taxable as to certain additional variable payments (200 E. 64th St. Corp. v Manley, 44 AD2d 11). Mr. Justice Staley dissented.
The Court of Appeals, in a memorandum opinion (37 NY2d 744), modified the order of the Appellate Division by deciding that the consolidation agreement was taxable as to the $5,500,000 of principal indebtedness, but that it was not taxable as to the additional variable payments. The matter *1089 was remitted to the Appellate Division, which in turn remanded it to the State Tax Commission to compute the mortgage recording tax due on the indebtedness of $5,500,000.
On August 26 and 27, 1975, prior to the amended determination by the State Tax Commission, the petitioner paid, under protest, the sum of $41,250 as the mortgage recording tax due on the $5,500,000 principal indebtedness, and the sum of $12,787.50 as the additional tax allegedly due pursuant to section 258 of the Tax Law.
The Tax Commission issued its amended determination on December 11, 1975 holding that a mortgage recording tax was due in the amount of $41,250 on the principal indebtedness and that an added tax thereon was due at the rate of Vi% per month from June 30, 1970, the date of the recording of the instrument, to the date of payment.
Section 258 of the Tax Law imposes an additional tax when the mortgage recording tax is not paid at the time the instrument is recorded: "No mortgage of real property shall be recorded by any county clerk or register, unless there shall be paid the tax imposed by and as in this article provided * * * and whenever it shall appear that any mortgage has been recorded without payment of the tax imposed by this article there shall be added to the tax a sum equal to one-half per centum thereof for each month or fraction of a month for the period that the tax remains unpaid, except where it could not be determined from the face of the instrument that a tax was due, or where an advance has been made on a prior advance mortgage or a corporate trust mortgage without payment of the tax, in which case there shall be added to the tax a sum equal to one per centum thereof for each month or fraction of a month for the period that the tax remains unpaid. In any case where a mortgage of real property subject to the tax imposed by this article has heretofore been recorded or is hereafter recorded in good faith, and the county clerk or register has held such mortgage nontaxable or taxable at one amount, and it shall later appear that it was taxable or taxable at a greater amount, the state tax commission may remit the penalties in excess of one-half of one per centum per month.”
Petitioner and the respondents agree that in the present case it could not be determined from the face of the instrument that a tax was due. Petitioner argues that this means that under section 258 no additional tax is due, while the *1090 respondents argue that under this section an additional tax of 1% per month is due (which has been reduced, as a matter of discretion, by the Tax Commission to Vi% per month).
The court finds that the respondents’ construction of section 258 is correct. Although awkwardly drafted, the scheme of section 258 is clear: Regardless of the good faith of the person recording an instrument, whenever an instrument is recorded without the payment of the full mortgage recording tax, an additional tax of per month must be paid from the date of the recording to the date of the payment of the correct tax. In effect, this portion of section 258 simply requires the payment of 6% annual interest where the full amount of the mortgage recording tax has not been originally paid. To provide an additional incentive for the voluntary payment of the recording tax in two situations where a taxpayer might be tempted to seek to evade payment of the tax, the section imposes an additional tax of V%% per month. The first situation where a full 1% tax is imposed involves advances made on a prior advance mortgage ór a corporate trust mortgage and is not relevant to the present case. The second such situation is where it Cannot be determined from the face óf the instrument that a tax was due. Such is the present case.
The possible injustice that might result from the imposition of the full 1% additional tax in a situation where the taxpayer acted in good faith and in reliance upon the initial determination of the local recording officer is alleviated by the last sentence of section 258 which authorizes the Tax Commission to remit penalties in excess of the Yi% sum that is due in all cases where the full mortgage recording tax is not paid initially. The effect of a determination by the Tax Commission to remit such additional penalties, as in the present case, is to simply require the taxpayer to pay 6% interest for the use of the money which he would not have otherwise had if the full tax had been paid when actually due. To require any less would provide the taxpayer with an unjust windfall and the court will not construe the statute so as to require a result which the Legislature so obviously did not intend.
The petition is dismissed, without costs.