Memorandum. Judgment of the Appellate Division affirmed, with costs. Applicable precedents establish that a mere substitution of one mortgage agreement for another, even in combination with a change of mortgagors, is insufficient to create a new mortgage for purposes of section 253 of the Tax Law (People ex rel. Banner Land Co. v State Tax Comm., 244 NY 159, esp 162-163; Matter of Suffolk County Fed. Sav. & Loan Assn. v Bragalini, 5 NY2d 579, 583, 585). People ex rel. Williamsburgh Sav. Bank v State Tax Comm. (245 NY 414, 418) is distinguishable: there the new mortgage agreements explicitly constituted a "satisfaction” of the original mortgage.
Since no "new” mortgages were created in this case, there is no need to examine the statutory exemption for supplemental mortgages insofar as it might require an antecedent provision in the prior mortgage to justify exemption (Tax Law, § 255).
If attenuated analysis, supported by the precedents, is required, the fault is the statutory language. The remedy for that fault is legislative clarification or correction.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
*858 Judgment affirmed.