In the Matter of REDNOW REALTY CORP., Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which held that an additional mortgage recording tax was due under sections 253 and 255 of the Tax Law. We are here concerned with three mortgages designated as the prior, modified and remodified mortgages. Petitioner, in order to construct a building on certain leasehold property owned by it, executed the prior mortgage for $12,000,000 with Precision Dynamics Corporation. The recording tax was paid on this mortgage and it was assigned to Chemical Bank. Petitioner and Chemical Bank thereafter executed the modified mortgage which stated, in pertinent part: "The Original Loan Agreement has been modified and restated * * * to provide, among other things, for the making of a loan (the Loan) by Mortgagee to Mortgagor in the maximum

*principal sum of $10,000,000,* or so much thereof as may be advanced pursuant to the Loan Agreement * * *. The terms, provisions, covenants and conditions of the Prior Mortgage and the Prior Note are hereby modified to conform to, and are superseded by, the terms, provisions, covenants and conditions of this Mortgage, except only that the execution and delivery of this Mortgage *shall not in any way extinguish the* indebtedness (or any part thereof) evidenced by the Prior Note and incurred in connection with, and secured by, and nothing herein contained shall in any way impair the lien of, the Prior Mortgage." (Emphasis added.) No tax was owing or paid on this modified mortgage. Subsequently, the remodified mortgage was executed and stated: "The Modified Loan Agreement has been remodified * * * to provide for (among other things) an increase in the maximum amount of the total advances of the Principal of the Building Loan, to Twelve Million Dollars ($12,000,000), the sum secured by the Original Mortgage, or so much thereof as may be advanced pursuant to the Remodified Loan Agreement." The State Tax Commission found that the principal indebtedness had been reduced from $12,000,000 to $10,000,000 by the modified mortgage, and that the remodified mortgage, by again raising the maximum loanable sum to $12,000,000, had created a "new or further indebtedness" of $2,000,000, on which a mortgage recording tax was due. This article 78 proceeding was instituted to review that determination. A mortgage that has been executed and recorded may be changed by a supplemental mortgage and if the amount secured remains the same, the supplemental mortgage does not incur any additional tax liability (Tax Law, § 255; *Matter of 200 E. 64th St. Corp. v Manley,* 37 NY2d 744). The instant remodified mortgage is a supplemental mortgage. The issue for our determination, therefore, is whether this mortgage increased the indebtedness. We believe it did. A fair reading of these three instruments establishes that the maximum amount loanable was reduced by the modified mortgage to $10,000,000 and again increased to $12,000,000 by the remodified mortgage. While the modified mortgage attempted by appropriate language to preserve the original lien of $12,000,000, such language is inconsistent with the clear intent of the parties to reduce the debt and thereafter by the remodified mortgage to again increase it by $2,000,000. Such attempt was ineffectual, and, consequently, to that amount a new obligation was created. Petitioner's reliance on *Matter of Fifth Ave. & 46th St. Corp. v Bragalini* (4 AD2d 387) is misplaced. While the language of the instant saving clause was "practically identical" to that adopted in *Bragalini,* the actions of the parties were different. It is the essence of the transaction that controls and not the label the parties attach to it. Respondent, in our view, properly determined that $2,000,000 was additional indebtedness subject to taxation (see *Matter of Woodmere Knolls v Procaccino,* 52 AD2d 979). The determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.