In the Matter of STEVENS MEDICAL ARTS BUILDING, Respondent, v CITY OF MOUNT VERNON et al., Appellants.

In the Matter of LUCAS BUILDING COMPANY, Respondent, v CITY OF MOUNT VERNON et al., Appellants.

In the Matter of KENLAW REALTY CORP., Respondent, v CITY OF MOUNT VERNON et al., Appellants.

In the Matter of GEORGE S. KAUFMAN, Respondent, v CITY OF MOUNT VERNON et al., Appellants.

Second Department, January 21, 1980

■ 

**APPEARANCES OF COUNSEL**

*Philip C. Scarpino, Corporation Counsel (Corrine Edelbaum* of counsel), for appellants.

*Milton D. Jacobs* for respondents.

**OPINION OF THE COURT**

HOPKINS, J.

The question before us is the timeliness of these proceedings. The appellant city and its officers claim that under the provisions of the Real Property Tax Law the proceedings must be instituted within 30 days after August 2, 1978, when the city gave notice that the assessment roll had been filed. Since incontestably these proceedings were instituted on September 20, 1978, the city contends that they are time-barred.

Special Term denied appellants' motions to dismiss based on this ground, holding that under the provisions of the city charter, read in conjunction with the provisions of the Real Property Tax Law, the proceedings were timely brought, since the last day for filing the assessment roll under the charter was August 31, and that date controlled for the measurement of the 30 days' limitation provided by subdivision 2 of section 702 of the Real Property Tax Law.

■ We affirm. The provisions of the Real Property Tax Law must be read in the light of the provisions of the city charter, and the proceedings were therefore timely instituted within the 30-day limitation.

## I

Each of the petitioners is an owner of taxable real property in the City of Mount Vernon. On August 2, 1978 the Commissioner of Assessment and Taxation filed a certified copy of the 1978 assessment roll in the office of the City Clerk. Notice of the completion and filing of the assessment roll was given on August 2, 1978.

On September 20, 1978 each of the petitioners served a petition to review the assessments (see Real Property Tax Law, § 700), alleging that the assessments were unequal, illegal and represented more than the full value of the properties.

Thereafter the appellants moved to dismiss each of the proceedings on the grounds that it had not been timely begun and did not comply with subdivision 3 of section 307 of the Real Property Tax Law. Special Term denied the motions, holding that the proceedings had been commenced within the 30-day limitation prescribed by section 702 of the Real Property Tax Law. Special Term reached that conclusion, although acknowledging that service of the petitions occurred more than 30 days after August 2, 1978. It reasoned that the proceedings were timely because section 235 of the City Charter provides that the last day for filing the assessment roll is August 31, and subdivision 2 of section 702 of the Real Property Tax Law provides that the assessment roll cannot be considered finally completed and filed until the last day set by law for the filing of the assessment roll or until notice thereof has been given as required by law, whichever is later. Hence, the service of the petitions was timely, since it occurred within 30 days of August 31, 1978.

The appellants then moved for leave to reargue. Special Term denied the motion.

On this appeal the appellants argue that Special Term mistakenly construed the statutes, contending that the City Charter should not be applied to alter the provisions of subdivision 1 of section 516 of the Real Property Tax Law, calling for the filing of the assessment roll on August 1. The interpretation of the statutes by Special Term, say the appellants, defeats the intent of the Legislature to prescribe a readily ascertainable date for the commencement of proceedings to review assessments.

## II

Our initial inquiry must be directed to the statutes. Article 5 of the Real Property Tax Law deals generally with the procedure to be followed for the preparation and filing of assessments. Subdivision 1 of section 516 of the Real Property Tax Law provides, in part, as follows: "§ 516. Filing of completed assessment roll; notice thereof.

"1. On or before the first day of August, the assessors shall finally complete the assessment roll and prepare and file a certified copy thereof in the office of the city or town clerk. The assessors shall forthwith cause a notice to be published once in the official newspaper of such city or town, or if no

newspaper has been designated the official newspaper, in a newspaper having general circulation in such city or town, stating that the assessment roll has been finally completed and a certified copy thereof so filed for public inspection."

Article 7 of the Real Property Tax Law provides generally for the judicial review of assessments. Section 700 of the Real Property Tax Law reads in part as follows:

"§ 700. Proceeding to review an assessment of real property; preference.

"1. A proceeding to review an assessment of real property shall be brought as provided in this article unless otherwise provided by law. * * *

"2. All rights, remedies and practices heretofore applicable to a proceeding commenced by a writ of certiorari which are not inconsistent with the provisions of this article shall apply to a proceeding to review an assessment of real property under this article."

Section 702 of the Real Property Tax Law, as recently amended (L 1977, ch 620), reads, in part, as follows:

"§ 702. Place where and time within which proceeding to be brought.

"1. A proceeding to review an assessment of real property under this article shall be brought at a special term of the supreme court in the judicial district in which the assessment to be reviewed was made.

"2. Such a proceeding shall be commenced within thirty days after the final completion and filing of the assessment roll containing such assessment. For the purpose of this section an assessment roll shall not be considered finally completed and filed until the last day set by law for the filing of such assessment roll or until notice thereof has been given as required by law, whichever is later."

Finally, section 2006 of the Real Property Tax Law (added by L 1958, ch 959) reads as follows:

"§ 2006. Exceptions.

"This chapter shall not be deemed to repeal or otherwise affect the provisions of any special or local law or ordinance or of any county, city or village charter, or other special form of government, it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected."

We turn now to the provisions of the City Charter. Section

235 provides, in part, as follows: "When the tentative assessment roll has been revised as herein provided the amounts of the assessments as revised as aforesaid shall be duly added and the totals stated, and the commissioner shall verify all three copies as required by the provisions of the tax law and shall duly certify the same to be the general assessment roll of the year in which it is so certified. The commissioner shall thereupon and before the first day of September in each year, file one copy of the said general assessment roll in the office of the city clerk there to remain for fifteen days for public inspection and shall forthwith deliver another copy thereof to the clerk of the board of supervisors of Westchester county, and file the third copy thereof with the comptroller for the purpose of apportioning and extending the taxes of the following year thereon as herein provided. The assessment roll shall thereupon become official and conclusive as to all persons who have not made complaints as provided by this chapter. The commissioner of assessment and taxation shall forthwith cause a notice to be posted conspicuously in at least three public places in the city, and to be published in one or more newspapers published in the city, that such assessment roll has been finally completed and stating that it has been so filed and will be open for public inspection. At the expiration of such fifteen days the city clerk shall return said copy to said commissioner."

In construing the force and effect of these statutory provisions, we must recognize that they cannot be wrenched from their historical setting and prior interpretations (*Matter of Horchler,* 37 AD2d 28, 31, affd 30 NY2d 725). Moreover, we must respect the precepts that tax statutes should be construed liberally in favor of the taxpayer (*Matter of Bayview Tower Apts. v State Tax Comm.,* 48 AD2d 86, 89, affd 40 NY2d 856; *Matter of Delaware, Lackawanna & Western R. R. Co. v Assessors of City of Binghamton,* 12 AD2d 852), and that the dates fixed for the preparation and filing of assessments by the taxing authorities are usually considered directory and not mandatory (*Rose v Elliott,* 218 App Div 287; *Matter of Bertholf v Cisco,* 72 Misc 2d 901, affd 45 AD2d 787).

■ The rule of construction of tax statutes has been entrenched that city charter provisions describing form and procedure should be preferred to the general provisions of the tax laws; only when the city charter is silent as to form and procedure is resort to be made to the general tax laws; and

when both the city charter and State tax laws are silent, the provisions of the CPLR or comparable practice statutes may then be applied *(People ex rel. Savory, Inc. v Plunkett,* 295 NY 180, 182-183; *People ex rel. American Sugar Refining Co. v Sexton,* 274 NY 304, 306-307; *People ex rel. New York Cent. R. R. Co. v Gilson,* 239 App Div 108, affd 265 NY 457; *People ex rel. Western N. Y. & Pa. Ry. Co. v Woodbury,* 133 App Div 503, 506-507, affd 201 NY 532). Equally well understood is the rule of construction that a repeal of existing statutes by implication is not favored, but must be clearly expressed *(People v Mann,* 31 NY2d 253, 257-258).

The system of contesting real property assessments by a taxpayer through proceedings authorized by a general tax law has been in existence since 1880, and was thereafter substantially re-enacted and enlarged in 1896. Again in 1949 the system was revised through the enactment of amendments to the Tax Law (L 1949, ch 551). Finally, in 1959, the provisions of the Tax Law were superseded by the Real Property Tax Law (L 1958, ch 959). (See, generally, 24 Carmody-Wait 2d, NY Prac, § 146:2, pp 247-249.)

### III

Prior to 1977, subdivision 2 of section 702 of the Real Property Tax Law provided that a proceeding to review an assessment must be brought within 30 days of the final completion and filing of the assessment roll. The statute then defined "final completion and filing" as occurring when "notice thereof has been given as required by law." In 1977 subdivision 2 of section 702 was amended as now constituted. The memorandum of the State Executive Department, Division of Equalization and Assessment, in support of the amendment stated in part as follows: "This bill would establish a more uniform date as of which tax certiorari proceedings against a municipality may be brought. Under present law, the short statute of limitations (30 days) during which such proceeding may be commenced begins to run as of whatever date notice of the final completion and filing of the assessment roll is given. In some municipalities in which the final assessment roll is filed prior to the last date set by law for such filing, taxpayers can find themselves time barred from exercising their rights to judicial review because they have failed to take cognizance of the published notice of final completion and filing, a notice which may need to be given only once in the

municipality's official newspaper (see, Real Property Tax Law, § 516). This bill will allow taxpayers to commence their judicial proceedings within 30 days of a readily ascertainable specific statutory date. In the event the final completion and filing of the roll, and the notice of such filing, occur subsequent to the last date set by law for such procedure, the 30 day period will begin to run as of the publication of the notice, as is presently the case." (McKinney's Session Laws of NY, 1977, pp 2386-2387.)

The appellants urge that since the memorandum in effect calls for a State-wide date for the filing of all assessment rolls, whether town, village or city, the Legislature intended that construction of the statute. But that argument ignores the very wording of the statute which allows an alternative measurement of time, that is, either from the last day *set by law* for the filing of the roll, or from the notice of filing of the roll as required by law, whichever shall be the later. There is no expression of purpose in the amendment or in the memorandum that the existing provisions of city charters prescribing the time for filing assessments were to be considered to be no longer in effect.

In light of the prior well-established rules of construction, we should expect that the Legislature would signify in clear and unambiguous language the intent to make the far-reaching change in the law which the appellants contend was wrought by the 1977 amendment. Consequently, we should read the 1977 amendment in the historical setting of the tax laws, and not interpret it to repeal by implication the existing provisions of city charters. Surely, the intent of the Legislature to achieve "a readily ascertainable specific statutory date", as the Division of Equalization and Assessment's memorandum suggests, is fully realized by construing the words "set by law" in the amendment as referring to city charter provisions.

Moreover, this construction accords with the provision of section 2006 of the Real Property Tax Law that no city charter shall be deemed to be repealed or otherwise affected in the absence of a clear statement of legislative purpose.

## IV

Since the service of the petitions was made within 30 days after the time fixed by law for the completion of the assessment roll, it follows that the orders of Special Term

dated December 7, 1978 should be affirmed. We dismiss the appeal from the order dated March 22, 1979, which denied the appellants' motion for leave to reargue, since such an order is not appealable.

MOLLEN, P. J., TITONE and MANGANO, JJ., concur.

Four orders, one in each proceeding, of the Supreme Court, Westchester County, all dated December 7, 1978, affirmed.

Appeal from a further order of the same court, dated March 22, 1979, dismissed. No appeal lies from an order denying reargument.

Petitioners are awarded one bill of $50 costs and disbursements.