In the Matter of the CITY OF NEW YORK, Petitioner, v JAMES H. TULLY et al., Constituting the State Tax Commission, et al., Respondents.

Third Department, June 26, 1980

## APPEARANCES OF COUNSEL

*Allen G. Schwartz, Corporation Counsel (Arnold Fox, Gale Zareko and Isaac C. Donner of counsel), for petitioner.*

*Robert Abrams, Attorney-General (Francis V. Dow* and *Shirley Adelson Siegel* of counsel), for James H. Tully and others, respondents.

*Wien, Lane & Malkin (Wayne R. Lehrhaupt* of counsel), for 77 West 55th Street Associates, respondent.

### OPINION OF THE COURT

KANE, J.

Prior to August 15, 1972, 77 West 55th Street Associates (Associates) was the lessee of a 20-story apartment house at that address in the City of New York. The fee was owned by Gallery Land Associates (Gallery). Four mortgages covering the lease, and totaling approximately $2,800,000, were acquired by Setaols Realty Corp. (Setaols), an entity wholly owned by Associates, on August 15, 1972. Desiring to establish condominium ownership, Associates was advised by counsel that a leasehold residential condominium was not permitted (Real Property Law, § 339-e, subd 11) and that a merger of the lease and the fee would extinguish the liens of the leasehold mortgages in violation of the terms thereof. Accordingly, on August 15, 1972, Setaols, Gallery and Associates executed a mortgage spreader agreement extending the liens of the four mortgages to the fee and releasing the leasehold. Simultaneously, Gallery deeded the fee to Associates and the fee and the leasehold merged. Both instruments were recorded on August 16, 1972, together with a declaration of condominium and an agreement subordinating the liens of the four mortgages to the declaration and releasing the liens from those apartment units then being sold. Associates also submitted an affidavit for exemption of mortgage recording tax under section 255 of the Tax Law on the theory that the spreader agreement was in fact a mortgage supplemental to the original mortgages upon which the recording tax had already been paid. Although the documents were initially accepted for recording without payment of tax, as additional portions of the premises were released from the lien of the mortgages, and on or about May 9, 1973, the City Register concluded that a mortgage recording tax was due on the agreement and so notified Associates. The tax was paid under protest and, after a hearing before the State Tax Commission, the exemption sought by Associates was sustained. This proceeding ensued.

In our view the determination of the State Tax Commission should be annulled and the tax imposed. The agreement was

not an "additional" mortgage entitled to exemption (Tax Law, § 255), since the original mortgage lien on the leasehold was discharged and a lien on the fee was created. Nor was the mortgage "spread" designed to include an additional property interest. It was, in fact, the termination of the security of a lien upon one interest in real property followed by the creation of another. Even though the transactions purported to be simultaneous, a new and entirely different obligation was created under a different concept of ownership *(Matter of 200 East 64th St. Corp. v Manley,* 37 NY2d 744; *Matter of Sheraton Corp. of Amer. v Murphy,* 35 AD2d 294).

The determination should be annulled, and the matter remitted to the State Tax Commission for further proceedings not inconsistent herewith, without costs.

MAHONEY, P. J., SWEENEY, STALEY, JR., and CASEY, JJ., concur.

Determination annulled, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith, without costs.