■ In the Matter of CITIBANK, N. A., Petitioner, v STATE TAX COMMISSION et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a mortgage recording assessment under section 253 of the Tax Law. In 1975, petitioner Citibank, N. A., made a substantial loan to Joseph Hirsch Sportswear, Inc., which was guaranteed by Samuel and Blanka Lichtman, the principal stockholders of that corporation. To secure the guarantee, the Lichtmans gave petitioner a second mortgage on their residence on 51st Street in

Brooklyn, New York, in the principal sum of $72,200. That mortgage was recorded and a recording tax was paid. In May, 1978, the Lichtmans wished to sell their residence and purchase a new one. Accordingly, they and petitioner agreed that petitioner would release its mortgage lien on the 51st Street property and, in substitution therefor, they would provide the bank with a second mortgage on their new residence. Petitioner executed and delivered a satisfaction piece certifying that the mortgage was paid and consenting to its discharge of record, which was recorded on May 8, 1978. Subsequently, the Lichtmans purchased a residence on 14th Avenue in Brooklyn and, on December 22, 1978, executed and delivered to petitioner a mortgage on that property in the same principal sum as the previous mortgage. This was recorded on January 19, 1979. At the time of recording, petitioner presented an affidavit for exemption from mortgage recording tax, and no such tax was paid. In February, 1979, the State Department of Taxation and Finance made an initial determination that a mortgage recording tax was due upon the recordation of the mortgage on the Lichtmans' new residence, which was subsequently upheld by the State Tax Commission. Petitioner then initiated the instant CPLR article 78 proceeding to review that determination. Petitioner contends that because the original indebtedness secured by the 1975 mortgage on the Lichtmans' 51st Street property (the "1975 mortgage") and the 1978 mortgage on their 14th Avenue property (the "1978 mortgage") was never extinguished and remained in full force and effect throughout the pertinent period, there being only a substitution of the security of the second mortgage for that of the first mortgage, the 1978 mortgage qualified for exemption from a mortgage recording tax as a supplemental mortgage under section 255 of the Tax Law. That section provides in pertinent part: "Supplemental mortgages If subsequent to the recording of a mortgage on which all taxes, if any, accrued under this article have been paid * * * an additional mortgage is recorded imposing the lien thereof upon property not originally covered by * * * such recorded primary mortgage for the purpose of securing the principal indebtedness which is * * * secured by such recorded primary mortgage, such additional * * * mortgage shall not be subject to taxation under this article, unless it creates or secures a new or further indebtedness or obligation other than the principal indebtedness or obligation secured by * * * the recorded primary mortgage". In essence, petitioner claims that the 1978 mortgage was an "additional mortgage" under section 255, i.e., its lien was "upon property not originally covered" by the 1975 mortgage, "for the purpose of securing the principal indebtedness" secured by the 1975 mortgage. Since concededly no new or further indebtedness or obligation was secured by the 1978 mortgage, petitioner argues that no further mortgage recording tax was due. The Tax Commission rejected petitioner's position because the 1975 mortgage was discharged some eight months before the execution and recordation of the 1978 mortgage. We agree with the Tax Commission's determination that, because the 1975 mortgage was no longer in existence when the 1978 mortgage went into effect, the latter did not qualify as an additional mortgage under section 255. First, coexistence of the two mortgages, at least at the inception of the later one, is more consistent with the language of the statute. Taken literally, the phrases "supplemental mortgage" and "additional mortgage" presuppose the existence of that (here, the 1975 mortgage) which is added to or supplemented. The 1975 mortgage, however, had been discharged and thus became nonexistent some eight months before the 1978 mortgage was executed and recorded. Furthermore, the statute requires that in order to be exempt from a further recording tax, an additional mortgage must be "for the purpose of securing the principal indebtedness which *is* * * * secured by such recorded primary mortgage" (Tax Law, § 255 [emphasis added]). The use of the present

tense for the requirement that both mortgages secure the same original indebtedness similarly presumes the present, and not previous, existence of the original mortgage at the time of recordation of the subsequent one. Petitioner's contrary interpretation is less consistent with the language of section 255. In placing almost exclusive emphasis on the statutory requirement of coincidence of the indebtedness or obligation secured by the prior and subsequent mortgages, petitioner's construction renders superfluous the other descriptive language contained in this section, previously discussed. Petitioner's emphasis on the requirement of identity of the indebtedness secured by the two mortgages also disregards the fact that the mortgage recording tax is not a tax on the privilege of lending money, but upon the privilege of recording a mortgage; the debt is merely the basis for computation of the tax (*Matter of S. S. Silberblatt, Inc. v Tax Comm.*, 5 NY2d 635, 640, cert den 361 US 912; *People ex rel. New York Tit. & Mtge. Co. v State Tax Comm.*, 220 App Div 396, 399, affd 245 NY 603). In addition to its consistency with the language of section 255, the Tax Commission's determination also conforms to the prevailing modern judicial interpretation of that section. Directly in point are *Matter of 200 East 64th St. Corp. v Manley* (37 NY2d 744), *Matter of Sheraton Corp. v Murphy* (35 AD2d 294) and *Matter of Sverdlow v Bates* (283 App Div 487). As this court held in *Matter of Sheraton Corp. v Murphy* (*supra*, p 296): "While the time element was short, there was a period of time when the Astor was free of the lien. The spreading agreement, in effect, substituted the Ambassador for the Astor as security for the mortgage. It was, in fact, a new mortgage creating and imposing a lien on a new piece of property. Consequently, we conclude that the Tax Commission properly determined that the transaction was subject to the recording tax." The requirements of at least initial coexistence of the earlier and subsequent mortgages for purposes of a section 255 exemption was recently impliedly reaffirmed in *Matter of City of New York v Tully* (55 NY2d 960). When that case was before this court, it was held that the subsequent mortgage was not entitled to exemption because "the original mortgage lien on the leasehold was discharged and a lien on the fee was created" (*Matter of City of New York v Tully*, 75 AD2d 246, 248). The Court of Appeals reversed, stating that it was "significant that the release of the leasehold from the lien did not occur before the fee was added to the security for the principal indebtedness" (*Matter of City of New York v Tully*, 55 NY2d 960, 962, *supra*). The cases cited by petitioner in support of a contrary interpretation do not require extended discussion. It is sufficient that in our reading of each, the originally recorded mortgage had remained in existence at the time of the recordation of the subsequent lien instrument. That requirement having been met, the issue in each case turned on whether the second recorded instrument represented anything more than a change in form, i.e., a consolidation of previously recorded liens or an apportionment of a previously recorded mortgage lien among component parts of the mortgaged property (see *Matter of Suffolk County Fed. Sav. & Loan Assn. v Bragalini*, 5 NY2d 579; *Matter of Bay View Towers Apts. v State Tax Comm.*, 48 AD2d 86, affd 40 NY2d 856; *Matter of City of New York v Procaccino*, 46 AD2d 594), or whether and to what extent the two successive mortgages secured the same original indebtedness (see *Matter of Woodmere Knolls v Procaccino*, 52 AD2d 979; *Matter of Fifth Ave. & 46th St. Corp. v Bragalini*, 4 AD2d 387). For the foregoing reasons, the Tax Commission correctly determined that a mortgage recording tax was due. Determination confirmed, and petition dismissed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.