■ HARTWOOD CLUB, INC., Respondent, v JOSEPHINE KENT, as Assessor of the Town of Deerpark, et al., Appellants.—In a proceeding pursuant to Real Property Tax Law article 7 and CPLR article 78, to review the denial of a forest land tax exemption, the assessor of the Town of Deerpark and the Board of Assessment Review of the Town of Deerpark appeal from a judgment of the Supreme Court, Orange County (Sullivan, J.), entered May 29, 1984, which granted the petition.

Judgment affirmed, with costs.

We agree with Special Term that petitioner is entitled to a forest land tax exemption pursuant to Real Property Tax Law § 480-a (3) (a). Petitioner complied with instructions supplied by the Department of Environmental Conservation (DEC). The DEC was authorized by Real Property Tax Law § 480-a (3) (a) (i) to issue instructions on how to qualify for the forest land tax exemption. That provision states: "[s]uch commitment shall be * * * filed * * * in such a manner and in such form as may be prescribed by the [DEC]".

In accordance with a DEC directive dated January 3, 1983, petitioner delivered two copies of the annual commitment form, one of which was certified, to the County Clerk of Orange County. The County Clerk failed to forward the certified copy to the Assessor of the Town of Deerpark. Therefore, the tax exemption was denied.

While neither Real Property Tax Law § 480-a (3) nor the DEC directive specifically directs the County Clerk to forward the certified copy to the local Assessor, we must construe the directive in the landowner's favor since we must resolve ambiguities in tax statutes in favor of the taxpayer *(see,*

*Matter of Bay View Towers Apts. v State Tax Commn.*, 40 NY2d 856; McKinney's Cons Laws of NY, Book 1, Statutes § 313). Therefore, the failure to file a certified copy of the annual commitment form with the local Assessor must be charged to the County Clerk, and not to the petitioner. Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.