◼ In the Matter of CITY OF NEW YORK, Petitioner, v STATE TAX COMMISSION et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Tax Commission which granted respondent Ronald Schaffer's application for a refund of a mortgage recording tax imposed under Tax Law article 11.

The issue in this proceeding is whether respondent State Tax Commission properly determined that the recording of a certain $79,947.78 mortgage did not secure a new or further indebtedness and thus was exempt from mortgage recording tax. Sixth Prince Associates (Associates) owned premises at 202 Sixth Avenue, also known as 200 Prince Street, in New York City. The property was sold to 200 Prince Realty Company. At the time of the sale, the property was encumbered by a $270,052.22 consolidated first mortgage held by Troy Savings Bank. At the sale, Associates took back a wraparound mortgage in the amount of $1,000,000. This created a new indebtedness of $729,947.78 (the difference between the wraparound mortgage of $1,000,000 and the preexisting first mortgage of $270,052.22) and a mortgage recording tax of $16,425 was paid on the new indebtedness.

Under the terms of the wraparound mortgage, Associates was given the power to refinance the underlying mortgage up to a limit of $350,000. On April 12, 1984 the consolidated first mortgage was refinanced. As part of this refinancing, Associates obtained a mortgage commitment for $79,947.78, raising the underlying consolidated mortgage debt on the property to $350,000 (the $270,052.22 mortgage plus this $79,947.78 mortgage). This did not increase the over-all indebtedness but merely raised the consolidated first mortgage on the property to $350,000 and reduced Associates' equity position on the wraparound mortgage to $650,000.

Petitioner required the payment of an additional mortgage tax of $1,797.95 on the $79,947.78 mortgage. This was paid under protest and subsequently, respondent Ronald Schaffer, a partner in Associates, petitioned the Tax Commission for a refund. Finding that the $79,947.78 mortgage did not create a new or further indebtedness, the Tax Commission granted the

refund. Petitioner then commenced this CPLR article 78 proceeding which was transferred to this court pursuant to CPLR 7804 (g).

We confirm the Tax Commission's determination. The Tax Law provides for the payment of a mortgage recording tax on a new or further indebtedness secured by a mortgage (Tax Law § 253; *see, Matter of Park & 46th St. Corp. v State Tax Commn.*, 295 NY 173, 177-178; *Matter of Bay View Towers Apts. v State Tax Commn.*, 48 AD2d 86, 89, *affd* 40 NY2d 856). The mere substitution of one mortgage for another, which creates no additional indebtedness, does not create a new mortgage requiring the payment of a recording tax *(see, Matter of Bay View Towers Apts. v State Tax Commn.*, 40 NY2d 856, 857). Once a mortgage has been given and recorded, it may be changed by a supplemental mortgage and no additional recording tax will be due as long as the amount secured remains the same (Tax Law § 255; *see, Matter of Rednow Realty Corp. v Tully*, 72 AD2d 621, 622, *lv denied* 48 NY2d 610).

Here, a recording tax had been paid on the $270,052.22 mortgage and on the $729,947.78 new indebtedness of the wraparound mortgage. The $79,947.78 mortgage was given to secure a portion of the principal indebtedness secured by the wraparound mortgage. The total indebtedness remained at $1,000,000. The Tax Commission's conclusion that no additional indebtedness was created, and thus that no new recording tax was due, is fully consistent with the law and the facts.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Mikoll and Harvey, JJ., concur.