*592 OPINION OF THE COURT
Joseph J. Sedita, J.
This matter seeks to have the 1988 tax roll of the City of North Tonawanda set aside pursuant to CPLR article 78. The petitioners seek to have this lawsuit certified as a class action pursuant to CPLR article 9. They seek to represent all the real property taxpayers of the City of North Tonawanda. The respondents (the assessor and the City of North Tonawanda) have asked the court to dismiss the proceeding in its entirety.
The primary allegation of these petitioners is that a substantial number of the assessments for the 1988 real property tax roll were improperly calculated. They seek to challenge the 1988 tax roll by asserting a number of objections to the procedures followed by this municipality in preparing, reviewing, and filing the 1988 roll.
The petitioners have noted numerous examples of procedural deviations from the requirements of the Real Property Tax Law in preparing and filing the 1988 roll. They ask this court to find that the failure to follow these procedures makes the 1988 roll illegal.
Were it not for section 2006 of the Real Property Tax Law the petitioners might have some basis for their lawsuit. This short section of the law states: "This chapter shall not be deemed to repeal or otherwise affect the provisions of any special or local law or ordinance or of any county, city or village-charter, or other special form of government, it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected. ” (Emphasis mine.)
The City of North Tonawanda has, as part of its City Charter, a specific procedure for the establishment and review of the city assessment roll. (Charter of City of North Tonawanda tit VII.) These procedures were established prior to the enactment of the State statute which the petitioners claim was violated. Under the clear language of section 2006 (set forth above) the preexistence of this City Charter provision effectively exempts the city from the new requirements of this statute. This issue was reviewed in the case of Matter of Stevens Med. Arts Bldg. v City of Mount Vernon (72 AD2d 177). In this case, the appellate court upheld the local Charter procedures when they conflicted with the general tax law.
The petitioners have sought to respond to the section 2006 exception by noting that the City Charter assessment proce *593 dures do not provide for an administrative review or review board as part of its procedures. They argue that this presents a loophole which "triggers” the effectiveness of State requirements. They note that the city has already established an Assessment Review Board even though it has not yet been made part of the City Charter. They argue that the Charter assessment procedures have been "abandoned” and that State requirements are, therefore, binding. We disagree.
Such an interpretation would effectively destroy the clear intent of section 2006 to preserve local control of this highly sensitive area of concern. The procedures selected by the duly constituted representatives of this municipality may be less complicated than the State requirements, and not provide all the steps or elements of the State scheme, but it does clearly embody a comprehensive procedure for establishing and reviewing the assessment roll. Section 2006 does not require any special level of complexity before a municipality is exempt from the State requirements.
The fact that the city has not yet made its Board of Assessment Review a part of its Charter does not necessarily reflect an abandonment of this section of the Charter. Until duly made part of the Charter, the Assessment Review Board serves, in effect, in an advisory capacity to the assessor, in assisting in the review of assessment objections. The operation of the Board did not in any way take away or replace procedures or rights established by the City Charter.
The City Charter is our lawful guide in determining whether there has been compliance with the law. We cannot find a substantial deviation from the requirements of the local Charter. The city has, in fact, exceeded its lawful requirements by providing an Assessment Review Board to review complaints.
Any property owners who wish to challenge their assessment may do so under article 7 of the Real Property Tax Law. These procedures include the availability of either a State Supreme Court action (under RPTL 700 et seq.), or a small claims action (under RPTL 729 et seq.). The availability of these remedies can fully provide for the correction of any truly improper assessment.
Regarding their application for class action status, we note that a class action has been held to be an improper vehicle to challenge an assessment roll. (See, Central School Dist. No. 1 v Rochester Gas & Elec. Corp., 61 Misc 2d 846.) *594 Additionally, we note that one of the key requirements for a class action is that the representative parties will fairly and adequately protect the interests of the class (see, CPLR 901 [a] [4]). It is clear that some taxpayers may pay less taxes by a return to the 1987 tax roll, and that some taxpayers may pay more taxes by a return to the 1987 tax roll. There is a clear and obvious conflict within the class that petitioners seek to represent.
Accordingly, it is our considered opinion that there is no proper basis for a class action, or any substantial basis for a claim that the municipality or its assessor have acted in violation of law.
Accordingly, this matter is dismissed.