■ HOME SAVINGS OF AMERICA, FSB, as Successor by Merger to BOWERY SAVINGS BANK, Respondent, v ROSEMARY WEINGRAD, Also Known as ROSEMARY DEFRANCO, et al., Appellants, and MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent. [670 NYS2d 426] —Order, Supreme Court, New York County (Carol Huff, J.), entered July 10, 1997, which, *inter alia*, granted plaintiff's motion for summary judgment on its foreclosure claim, and granted defendant Manufacturers and Traders Trust Company's cross motion for summary judgment on its cross claim pursuant to RPAPL 1351 (3) to the extent of directing that any excess proceeds from the foreclosure sale be paid directly to Manufacturers in satisfaction of its subordinate mortgage, unanimously affirmed, with costs.

We reject appellants' contention that triable issues of fact have been raised with respect to their claim that the subordinate mortgage held by defendant Manufacturers and Traders Trust Company has been satisfied. While the record is unclear as to Key Bank's interest in the mortgage and as to that bank's issuance of a Discharge of Mortgage prior to the assignment of the mortgage to Manufacturers, it is clear that appellants have never alleged that said mortgage was paid, and have not submitted actual evidence of payment such as canceled checks. The record establishes that the subject subordinate mortgage was held by Goldome, then by the Federal Deposit Insurance Corporation as Goldome's receiver, and finally by Manufacturers by virtue of an assignment dated February 25, 1993, and recorded on March 24, 1994. The purported Discharge of Mortgage was never recorded and thus did not discharge the mortgage on record. Moreover, appellants' position that the mortgage was satisfied is further undermined by their entry into a Modification Agreement concerning said mortgage pursuant to which they continued to make payments for approximately two years, subsequent to the alleged satisfaction.

Appellants' claim that the subordinate mortgage is unenforceable because no mortgage recording tax was paid when the Modification Agreement was recorded is not properly before this Court for review, and in any event, is without merit. Since there is no evidence that any new monies were advanced at the Modification closing, and the Modification Agreement did nothing more than alter the interest and payment terms of the mortgage, the recording of the Modification Agreement did not constitute a taxable event, and thus, no mortgage tax was due at that time (*see*, Tax Law § 255; *Matter of Rednow Realty Corp. v Tully*, 72 AD2d 621, 622, *lv denied* 48 NY2d 610).

We have considered appellants' remaining contentions and find them to be without merit. Concur—Lerner, P. J., Sullivan, Rosenberger, Nardelli and Andrias, JJ.